**Kenneth REDDING, and Rhonda Redding, Individually and His Wife, Plaintiffs-Appellants,**

v.

**ESSEX CRANE RENTAL CORPORATION OF ALABAMA, Defendant-Appellee.**

**No. 84–3624**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1985.

Rehearing Denied March 18, 1985.

Richard A. Thalheim, Jr., Thibodaux, La., for plaintiffs-appellants.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

PER CURIAM:

Four times the district court notified the attorney for appellants, the Reddings, that their diversity suit for damages was subject to being dismissed because no steps had been taken to serve the named defendant, Essex Crane Rental Corporation of Alabama. Four times the attorney for the appellants replied that service would be made "at an appropriate time" or that service would be made "when the time had arrived to do so". After the fourth such response, 255 days having elapsed since the filing of the suit, and with a finding that no good cause had been shown, the district court dismissed the suit under F.R.Civ.P. Rule 4(j). We affirm.

After the dismissal of the suit, appellants filed a motion to "vacate, set aside, and annul, the order of dismissal." The motion pointed out that the dismissal without prejudice actually served as a dismissal with prejudice because the period of limitations had run on the suit. It did not, however, point out any claimed "good cause" reason for the delay. It simply said that the appellants did intend to prosecute the suit "at an appropriate time". The district judge denied the motion.

From the court's brief memorandum opinion in denying the motion and from the argument of counsel in the brief presented to this Court, we find a presentation of the facts which appellants claim justifies their conduct in filing this suit but in failing to serve process on the named defendant. The assertion is that appellant was seriously injured in an industrial accident while working for Essex Crane. The explanation of the justification for failure to act in the federal case is remarkable. Appellants and their attorney avow the belief that they could obtain a better settlement in the state compensation claim if Essex Crane had not had the opportunity to develop in the federal case its entire tort defense through discovery. The district judge saw this as using the federal courts "to serve the whim of litigants or their lawyers". We wholeheartedly agree.

In appellants' brief they are even critical of the district court in taking action lacking a motion by "a defendant". This callous statement overlooks completely the fact that there is no defendant in this case because none had been served. Counsel was intentionally keeping the case unknown to the named defendant for the purpose of manipulating his own claim in a state court. His delay was indefinite. He was blocking the right of the potential defendant to know that a suit had been filed against it in federal court, blocking discovery, and blocking the right of the putative defendant to preserve its defenses. This not only was not good cause, it was an obvious misuse of the judicial process.

The district court acted properly to vindicate its control of its docket and to protect named defendants in cases brought in the federal court.

AFFIRMED.