764 F.2d 707
 54 USLW 2048, 2 Fed.R.Serv.3d 1
 UNITED STATES for the Use and Benefit of Tyrone E. DELOSS
dba T.E. Deloss Equipment Rentals, Plaintiff-Appellant,
v.
KENNER GENERAL CONTRACTORS, INC. and Universal Surety
Company, Defendants- Appellees.
 No. 84-6068.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 3, 1985.
Decided June 27, 1985.
As Amended Aug. 13, 1985.
 
 Dolores Cordell, Clark & Trevithick, Los Angeles, Cal., for plaintiff-appellant.
 Richard S. Busch, Anderson, McPharlin & Conners, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING and NORRIS, Circuit Judge; and SOLOMON,* District Judge.
 NORRIS, Circuit Judge:
 
 
 1
 Federal Rule of Civil Procedure 4(j) provides:
 
 
 2
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 3
 Fed.R.Civ.P. 4(j).
 
 
 4
 In this case the district court dismissed appellant T.E. DeLoss Equipment Rental's action against appellee Universal Surety Company for failure to show cause for not effecting service within 120 days after filing its complaint as required by Rule 4(j). On appeal DeLoss argues that it has shown good cause within the meaning of Rule 4(j) for its failure to effect service upon Universal within 120 days, that even if it failed to show good cause under Rule 4(j), it should have been granted an extension of the time to serve its complaint under Rule 6(b)(2)[1], Fed.R.Civ.P. 6(b)(2), and that Rule 4(j) is unconstitutional.[2] DeLoss filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 
 5
 * DeLoss filed this action to collect on a Miller Act bond on July 29, 1983. It did not serve Universal, a named defendant, until February 24, 1984, 210 days after filing the complaint. Universal moved to be dismissed on the ground that service of the complaint was not made within the 120 day period provided by Rule 4(j). DeLoss opposed Universal's motion on the ground that its failure to serve within 120 days was for good cause. In addition, DeLoss moved under Rule 6(b) for an extension of time to effect service of its complaint against Universal. On April 17, 1984, the district court dismissed the complaint against Universal. Although the dismissal was nominally "without prejudice," it was effectively "with prejudice" because a new action would be barred by the applicable statute of limitations. The district court then denied DeLoss' Rule 6(b) motion as moot.
 
 II
 
 6
 We begin our review by examining the facts as alleged in the affidavits in opposition to the motion to dismiss.[3] From the time the complaint was filed on July 29, 1983, DeLoss had possession of Universal's business address but failed to share that information with its attorney. Moreover, DeLoss' counsel did not request this information from DeLoss. In August 1983, DeLoss' counsel communicated with the Secretary of State of California, the jurisdiction in which the events giving rise to this cause of action occurred, and with the Secretary of State of Nebraska, Universal's state of incorporation, but was unsuccessful in obtaining Universal's address. Counsel next attempted to reach Universal in November 1983. Counsel located the correct telephone number for Universal in the telephone directory for Lincoln, Nebraska, and had an assistant place a single telephone call to that number. There was no answer. No further attempt to telephone or serve Universal was thereafter made until January 1984, which was more than 120 days after the complaint had been filed. At that time counsel finally reached Universal by telephoning the same number which had been called in November. DeLoss served Universal in February 1984, 210 days after filing.
 
 
 7
 The legislative history of Rule 4(j) provides us little help in discerning the meaning of "good cause".[4] The legislative history provides "only a single (and most obvious) illustration of 'good cause'--the putative defendant's 'evasion of service.' " Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476, 477 (N.D.Ill.1984) (quoting 128 Cong.Rec. H9849, H9852 n. 25 (daily ed. Dec. 15, 1982) (section-by-section analysis submitted by Rep. Edwards)).
 
 
 8
 The issue of what constitutes good cause under Rule 4(j) has been addressed by two other circuits. In Edwards, the Eighth Circuit held that it was not an abuse of discretion for a trial court to dismiss an action where service had not been effected for 170 days after filing and the trial court had issued a warning that failure to serve would result in dismissal. 754 F.2d at 299. In Redding v. Essex Crane Rental Co., 752 F.2d 1077 (5th Cir.1985), the Fifth Circuit upheld a trial court's dismissal of an action where the plaintiff's failure to serve the complaint within 255 days, despite four warnings from the court, was not for good cause. Id. at 1078.
 
 
 9
 Edwards and Redding suggest the question whether the dismissal of the case before us without a prior warning from the court was an abuse of discretion. In both Edwards and Redding, the trial court issued at least one warning before dismissing the action. The language of Rule 4(j), however, makes no mention of a warning by the trial court prior to dismissal, and we hold that a plaintiff's disregard of a warning, although relevant, is not a prerequisite for dismissal under Rule 4(j). See Coleman v. Greyhound Lines, Inc., 100 F.R.D. at 478 (dismissing action under Rule 4(j) without prior warning by court). Moreover, a warning was not necessary to give DeLoss notice of the possible dismissal because Universal had satisfied the notice requirement of Rule 4(j) by properly serving its motion on DeLoss. Rule 4(j) does require the court to notify the plaintiff if the court on its own initiative raises the issue of failure to serve, but that requirement is not relevant to this case.
 
 
 10
 In Wei v. Hawaii, 763 F.2d at 372, we held that the good cause requirement was not satisfied when through inadvertence of counsel no effort was made to serve any of the defendants within the 120 day period. In the case now before us, counsel took some steps to effect service before the deadline, but the record shows the efforts to have been half-hearted at best. DeLoss had Universal's address from the outset, but failed to share that information with counsel. Counsel obtained Universal's telephone number from the telephone directory, but beyond a single attempt to place a telephone call to Universal, failed to make use of that information within the Rule 4(j) 120 day period. On this record, we cannot hold that the district court's dismissal of DeLoss's action was an abuse of discretion.[5]
 
 III
 
 11
 DeLoss argues that even absent a showing of good cause sufficient to prevent a dismissal under Rule 4(j), the district court erred in denying as moot DeLoss' Rule 6(b)(2) motion to extend the time for service of the complaint. Because denial of a motion as moot raises only questions of law, we review it de novo. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 12
 Rule 6(b)(1) clearly authorizes the trial judge to extend the time for service of the summons and complaint if the Rule 4(j) 120 day period has not yet expired. Whether Rule 6(b)(2) authorizes the granting of an extension after the Rule 4(j) 120 day period has expired is, however, a different question. Rule 6(b) is a general provision authorizing extensions of time limits in a variety of situations. Rule 4(j), in contrast, is a specific provision imposing a time limit on service of the summons and complaint.
 
 
 13
 We need not decide in this case what, if any, distinction Congress intended to make between the "good cause" standard adopted in Rule 4(j) and the "excusable neglect" standard for the granting of extensions after a time limit has expired that existed in Rule 6(b). We hold that after the Rule 4(j) 120 day period has expired, a trial judge may grant an extension of time to serve a complaint only when a party has satisfied the good cause requirement of Rule 4(j). The good cause standard applies after 120 days has expired regardless whether the service issue is raised by a defendant on a motion to dismiss under Rule 4(j), is raised by the judge on his own initiative pursuant to that rule, or is raised by the plaintiff on a motion under Rule 6(b)(2).[6] See 128 Cong.Rec. H9849, H9850 (daily ed. Dec. 15, 1982) (submitted by Rep. Edwards), reprinted in 1982 U.S.Code Cong. & Ad.News 4437, 4441. In the case before us, the district court's determination that there was no good cause under rule 4(j) effectively disposed of any claim that could be raised on motion pursuant to Rule 6(b)(2). Therefore, the Rule 6(b)(2) motion was properly denied as moot.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Federal Rule of Civil Procedure 6(b) provides in part: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...." Fed.R.Civ.P. 6(b)
 
 
 [2]
 Rule 4(j) plainly meets the traditional rational basis test for judging an equal protection claim. See Barry v. Barchi, 443 U.S. 55, 67 (1979)
 
 
 [3]
 We review the district court's dismissal of the complaint pursuant to Rule 4(j) for abuse of discretion. Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir. 1985)
 
 
 [4]
 The legislative history of Rule 4(j) is provided in a statement submitted by Representative Edwards to the Congressional Record. 128 Cong.Rec. H9849 (daily ed. Dec. 15, 1982) (submitted by Rep. Edwards), reprinted in 1982 U.S.Code Cong. & Ad.News 4437. Subdivision (j) was added by Congress to Rule 4 in amendments that became effective on February 26, 1983. See 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1138, at 261 (Supp.1985)
 
 
 [5]
 DeLoss also argues that because the dismissal after the expiration of the limitations period was effectively with prejudice, the policy favoring disposition of cases on the merits militates in favor of granting an extension. The legislative history of Rule 4(j) is to the contrary. Congress recognized the possibility that dismissal after the expiration of a statute of limitations could bar a plaintiff from bringing an action. 128 Cong.Rec. H9849, H9850-51 (daily ed. Dec. 15, 1982) (submitted by Rep. Edwards), reprinted in 1982 U.S.Code Cong. & Ad.News 4437, 4441-42; cf. Redding, 752 F.2d at 1078 (affirming dismissal when statute of limitations had run)
 
 
 [6]
 Thus, in a case in which the 120 day period has expired but neither the court on its own initiative nor an unserved defendant has moved for dismissal under Rule 4(j), the plaintiff may move for an extension of time under Rule 6(b)(2). The motion may be granted only if the "good cause" requirement of Rule 4(j) is satisfied