COUTINHO, CARO & COMPANY,
INC., Plaintiff,

v.

FEDERAL PACIFICA LIBERIA LTD;
The VESSEL S/S FEDERAL ST.
CLAIR, her engines, tackle, etc.; The
VESSEL S/S FEDERAL CALUMET,
her engines, tackle, etc.; Fednav Limit-
ed; and Federal Marine Terminals,
Inc., Defendants.

No. 88 C 7932.

United States District Court,
N.D. Illinois, E.D.

Aug. 18, 1989.

Ben M. Llaneta, Jr., Eich & Franklin, Chicago, Ill., for plaintiff.

Edward Petkevis, Michael A. Snyder & Associates, Ltd., Chicago, Ill., for defendant Fednav, Ltd.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Coutinho, Caro & Company, Inc. ("Coutinho") brings this action against several defendants for breach of a transportation contract. We have before us defendant Fednav Limited's ("Fednav") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(j), and the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. App. §§ 1300–1315. That motion is granted.

## FACTS

Plaintiff Coutinho, as the owner and consignor of a cargo consisting of 448 coils and/or bundles of galvanized steel sheets (cargo), charges that eight of its coils and/or bundles were not delivered. Fednav, who allegedly failed to redeliver parts of the cargo in Illinois, is a foreign corporation with its principal place of business in Montreal, Canada.

The relevant facts, all of which both sides appear to agree upon, pertain only to various dates and a few events respecting

attempts at service. This action was filed on September 15, 1988. The summons and complaint were delivered to the office of the Illinois Secretary of State, together with forms filed there, on May 8, 1989—copies were received by Fednav on May 18, 1989.

Defendant Fednav contends that plaintiff did not make service within 120 days from the date of issuance of the summons, as provided by Rule 4(j) of the Federal Rules of Civil Procedure, and also submits the COGSA one-year limitation period as a bar to refiling.

## DISCUSSION

### I. *Rule 4 and State Service*

■ The Federal Rules of Civil Procedure limit the allowable time between the filing of a complaint and the subsequent service on defendants. Rule 4(j), entitled, "Summons Time Limit for Service," states as follows:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The question remains as to what constitutes service within the meaning of the rule.

Rule 4(c)(2)(C) provides the answer for these purposes. Service can be effectuated by those methods permitted under the laws of the state in which the district court sits. Fed.R.Civ.P. 4(c)(2)(C)(i). The preliminary question, therefore, concerns whether Fednav was served under Illinois law.

Defendant contends that the strictures of Ill.Ann.Stat., ch. 110, ¶ 2–210(b) were not followed because that provision requires a mailing to the defendant within 10 days of the filing of the summons and complaint with the Secretary of State. Entitled "Aircraft and Watercraft," ¶ 2–210, in relevant part, provides:

Service of such process shall be made by serving a copy upon the Secretary or State, or by filing such copy in his or her office together with a fee of $2.00, and such service shall be sufficient service upon such person; if notice of such service and a copy of the process are, within 10 days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons.

*Id.* Because the summons and complaint were submitted to the Secretary on December 13, 1988, and copies were not mailed until May 5, 1989, Fednav concludes that service cannot be had under ¶ 2–210(b).

Plaintiff contends its cause of action comes not out of Fednav's operation of an aircraft or watercraft within Illinois but, rather, from Fednav's breach of a transportation contract when it failed to redeliver the missing portions of the cargo in Illinois. Plaintiff instead claims service was proper under another Illinois law, the Illinois Business Corporation Act. Ill.Ann.Stat. ch. 32, ¶ 5.25 (1987):

(a) Any process, notice or demand required or permitted by law to be served upon a domestic corporation or a foreign corporation having a certificate of authority to transact business in this State may be served either upon the registered agent appointed by the corporation or upon the Secretary of State as provided in this Section.

\* \* \* \* \* \*

(c) Service on the Secretary of State shall be made by:

(1) Service on the Secretary of State, or any clerk having charge of the corporation department of his or her office, of a copy of the process, notice or demand, together with any papers required by law to be delivered in connection with service, and a fee as prescribed by subsection (b) of Section 15.15 of this Act.

(2) Transmittal by the person instituting the action, suit or proceeding of

notice of the service on the Secretary of State and a copy of the process, notice or demand and accompanying papers to the corporation being served, by registered or certified mail: ....

\* \* \* \* \* \*

(ii) At such address the use of which the person instituting the action, suit or proceeding knows or, on the basis of reasonable inquiry, has reason to believe is most likely to result in actual notice;....

*Id.* Since all agree the complaint and summons were delivered to the Secretary of State on December 13, 1988, and since copies were eventually sent to the defendant, plaintiff contends service was proper under Illinois law because the Illinois Business Corporation Act specifies no time period for transmittal to the defendant. Since copies were eventually mailed and received by Fednav, plaintiff contends service was effectuated pursuant to Rule 4(c)(2)(C)(i).

We cannot accept this interpretation. Rule 4(c)(2)(C)(i) cannot be viewed in isolation, but must instead be read in conjunction with Rule 4(j). Plaintiff's use of the Illinois Business Corporation Act's methods for service is certainly reasonable under Rule 4(c)(2)(C)(i), but the state procedures cannot emasculate other provisions of the Federal Rules. And by effectively reading the 120–day limit and "good cause" exception out of Rule 4(j), plaintiff's interpretation of the Illinois Business Corporation Act does exactly that.

We quickly review the history surrounding Rule 4(j). "House Rep. 7154–Federal Rules of Civil Procedure Amendments Acts of 1982" describes the relevant background:

Rule 4 does not currently provide a time limit within which service must be completed. Primarily because United States marshals currently effect service of process, no time restriction has been deemed necessary, Appendix II at 18 (Advisory Committee Note). Along with the proposed changes to subdivisions (c) and (d) to reduce the role of the Marshal's Service, however, came new subdivision (j), requiring that service of a summons and

complaint be made within 120 days of the filing of the complaint. If service were not accomplished within that time, proposed subdivision (j) required that the action "be dismissed as to that defendant without prejudice upon motion or upon the court's own initiative." Service by mail was deemed made for purposes of subdivision (j) "as of the date on which the process was accepted, refused or returned as unclaimed."

H.R. 7154 adopts a policy of limiting the time to effect service. It provides that if a summons and complaint have not been served within 120 days of the filing of the complaint and the plaintiff fails to show "good cause" for not completing service within that time, then the court must dismiss the action as to the unserved defendant....

... If on the other hand the plaintiff has made reasonable efforts to effect service, then the plaintiff can move under Rule 6(b) to enlarge the time within which to serve or can oppose dismissal for failure to serve. A court would undoubtedly permit such a plaintiff additional time within which to effect service. Thus, a diligent plaintiff can preserve the cause of action. This result is consistent with the policy behind the time limit for service and with statutes of limitation, both of which are designed to encourage prompt movements of civil actions in the federal courts.

*Id., reprinted in* 1982 U.S.Code Cong. & Admin.News 4434, 4440–42. To the extent that the Illinois provision also permits service by mail, the policies behind Rule 4(j)'s 120–day limit still apply.

Plaintiff has made no attempt to demonstrate the requisite "good cause" to excuse its failure to mail the summons and complaint in a timely fashion. Instead, it has located an Illinois provision devoid of any time limit whatsoever and effectively has ignored Rule 4(j) by claiming complete compliance with the requisite state procedures. The 120–day limit and "good cause" exception cannot be so easily circumvented. Because the 120–day clock begins to run at the complaint's filing, that analysis alone

sufficiently warrants dismissal. *Cf., Red Elk v. Stotts,* 111 F.R.D. 87, 88 (D.Mont. 1986) ("the question which must be addressed is when such service becomes effective").

■ Nonetheless, we note that plaintiff's efforts have been inadequate even under the more lenient state provision. The Illinois Business Corporation Act specifies that the copies be sent "registered or certified mail," Ill.Ann.Stat., ch. 32, ¶ 5.25(c)(2), and plaintiff effectively concedes that it employed regular mail. So, even under the lenient terms of the state's provisions, plaintiff has not complied.

Furthermore, an affidavit of compliance "in substantially such form as the Secretary of State may be rule or regulation prescribe," must be appended to the filings. That form, entitled "Affidavit of Compliance for Service on Secretary of State," and attached to defendants' memorandum as exhibit A, reads:

> 6. The address to which the undersigned *has caused a copy of the attached process, notice or demand to be sent by certified or registered mail* is

Plaintiff herein filled out that form and inserted the Quebec address of defendant Fednav. At a minimum, the form makes clear the certified or registered mail requirement—which plaintiff ignored. And since all agree that copies were not mailed until some five and-a-half months later, defendant contends the affidavit of compliance requirement was not satisfied since the form demands that copies have already been sent at the time of filing with the Secretary.

While we are intrigued by the latter argument, we need not resolve it. Our prior rationales—first, that the "good cause" requirement of Rule 4(j) must be given meaning and, second, that using regular mail renders the service ineffective even under the more lenient Illinois provisions—sufficiently compel dismissal.

## II.  COGSA

■ Fednav also urges us to dismiss with prejudice because were plaintiff to refile after proper service, COGSA would compel dismissal. Put succinctly, since COGSA requires actions be brought within one year after the cargo was delivered or should have been delivered, 46 U.S.C.App. § 1303(6), and since over one-year will have elapsed since September 19, 1987,[1] any refiling will allegedly be time-barred.

We leave that issue for another day. There is no refiling before us so we need not speculate as to whether such a filing would be timely. Coutinho has not, as did the plaintiff in *Redding v. Essex Crane Rental Corp. of Alabama,* 752 F.2d 1077 (5th Cir.1985), contended that dismissal "without prejudice," given the circumstances, is actually "with prejudice." We think the COGSA issue does not present a "controversy" within the meaning of Article III. *See generally Poe v. Ullman,* 367 U.S. 497, 509, 81 S.Ct. 1752, 1759, 6 L.Ed.2d 989 (1966) (plurality opinion) (compelling review of "the appropriateness of the issues for [judicial] decision ... and the actual hardship ... of denying the relief sought"). Seeing no hardship in choosing to await any refiling, we choose to refrain from discussing the potential issues which might be applicable. *Contra Burks v. Griffith,* 100 F.R.D. 491, 492 (N.D.N.Y.1984) ("While the issue has not been raised by the parties, the court feels constrained to comment upon a statute of limitations problem that will undoubtedly arise should plaintiffs attempt to commence this action anew").

## CONCLUSION

For the foregoing reasons, defendant Fednav's motion to dismiss is granted.

---

1. The cargo in question was discharged between September 15, and September 19, 1987. To illustrate the argument, we use the latter date, thus allowing plaintiff the largest amount of time in which to file.