Robert **NORLOCK**, Plaintiff-Appellant,

v.

**CITY OF GARLAND, et al.,**
**Defendants-Appellees.**

No. 85–1008
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1985.

---

**21.** *Id.*

**22.** *Id.*

**23.** 595 F.2d 1070 (5th Cir.1979).

**24.** 641 F.2d 277, 281 (5th Cir.1981).

**25.** *Mungia v. Chevron Company, U.S.A., supra* n. 1, 675 F.2d at 633.

John Read, Grand Prairie, Tex., Danny D. Burns, Fort Worth, Tex., for plaintiff-appellant.

Hermon L. Veness, Jr., Asst. City Atty., Charles M. Hinton, Jr., Garland, Tex., for defendants-appellees.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The plaintiff in this civil rights suit attempted to serve his complaint by mail under the provisions of the Federal Rules of Civil Procedure authorizing such service, first adopted in 1983. The attempted mail service included neither copies of a notice and acknowledgment of receipt of the summons and complaint nor a stamped self-addressed return envelope as required by the rule permitting service by mail.[1] The district court dismissed the suit without prejudice because the plaintiff had not perfected service within 120 days after filing his complaint. It refused to reinstate the suit because the defects were never remedied. Finding no error in the court's insistence on compliance with the plain language of the rule, so easy to follow, we affirm. Service by mail is quick, convenient, and inexpensive. Because, however, it is subject to abuse, the well-considered requirements of the rules, designed to assure that mail service will be adequate, are not to be disregarded with impunity.

---

1. Fed.R.Civ.P. 4(c)(2)(C)(ii).

Robert Norlock filed his complaint on March 30, 1984, pursuant to 42 U.S.C. § 1983, against R.C. Parker, a Garland, Texas, police officer, and the City of Garland seeking damages for injuries sustained during his arrest on April 3, 1982 and for the alleged denial of medical treatment to him until the following morning. He served the complaint by mail pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii). His attorney mailed to each of the two defendants, on April 4, 1984, a copy of the summons and complaint and a cover letter that made no mention of the need for acknowledgment. Neither mailing included any copies of the notice and acknowledgment form specifically prescribed by the rule.[2] Neither contained a stamped, self-addressed envelope as the rule also requires.

On motion of the defendants, the district court dismissed Norlock's action without prejudice on November 19, 1984 because "service on the Defendant [*sic*] has not been accomplished within 120 days of filing the original complaint...." Norlock moved to reinstate his cause of action. In its order denying the motion to reinstate, the district court found that, while "Plaintiff has been aware since Defendants filed their motion to dismiss on May 22, 1984 that he did not make proper service, yet Plaintiff did not acknowledge that the motion to dismiss had been filed until November 9, 1984 when he moved for an 'order recognizing service of process has been made on defendants.'" Norlock did not attempt to perfect service after the motion to dismiss for failure to serve was filed.

■ Because Rule 4 does not authorize service by mail on municipal corporations, even had Norlock perfected service by mail on the City of Garland, service would have been insufficient.[3] Service by mail is authorized only for two classes of defendants, individuals and domestic or foreign corporations.[4] The City of Garland is neither; it is a "municipal corporation ... subject to suit" within the meaning of Rule 4(d)(6).[5]

■ Once the validity of service of process has been contested, the plaintiff "must bear the burden of establishing its validity."[6] Norlock has failed to meet this burden for at least two reasons. First, Norlock's attorney failed to comply with the specific requirement of Rule 4(c)(2)(C)(ii) that the plaintiff include with the summons and complaint "two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender."[7] The cover letter enclosed by Norlock's attorney makes no mention of the need to return a sworn acknowledgment. Therefore, it cannot be seriously contended that this letter "conform[ed] substantially to form 18–A."[8] This is not an instance of a single error in the acknowledgment form, "minor and obviously incorrect," such as the addition of a single word on the form that might be insubstantial and over-

---

**2.** Fed.R.Civ.P. 4(c)(2)(C)(ii) reads in part as follows:

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule
>
> \*     \*     \*     \*     \*     \*
>
> (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage pre-paid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

**3.** Fed.R.Civ.P. 4(c)(2)(C), (d)(6).

**4.** Fed.R.Civ.P. 4(c)(2)(C), (d)(1), (d)(3).

**5.** *See Monell v. Dept. of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**6.** *Aetna Business Credit v. Universal Decor,* 635 F.2d 434, 435 (5th Cir.1981).

**7.** *See, e.g., Henry v. Glaize Maryland Orchards, Inc.,* 103 F.R.D. 589, 590 (D.Md.1984).

**8.** Rule 4(c)(2)(C)(ii). *Compare Madden v. Cleland,* 105 F.R.D. 520, 523–24 (N.D.Ga.1985).

looked,[9] nor the omission of only the return envelope.[10] No fault is attributable to the defendant as it might be had he received the notice and acknowledgment form and refused to return the acknowledgment.[11]

The district court's conclusion that service by mail was never perfected is consistent with the purpose and function of the amended rule. As the Fourth Circuit has stated, the effectiveness of mail service "is dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form. The notice clearly informs the defendant that the penalty for failure to sign, date and return the form is that it may be required to pay the costs of procuring service in some other manner."[12]

Norlock, moreover, after failing to achieve service by mail, failed thereafter to effect or, so far as the record shows, even to attempt, personal service. By first essaying service by mail, he "thereafter locked [him]self into the only subsequent mode of service, namely, actual personal delivery of the summons and complaint on defendant[s], a mode of service which admittedly has not been attempted, much less accomplished, here."[13] The only action Norlock took after he was put on notice that the defendants were attacking the sufficiency of service of process was to file his motion to have service by mail recognized by the court.

Norlock argues that the defendants waived their objections to sufficiency of service of process by filing what he characterizes as an "answer," but what defendants labelled a motion to dismiss. Because it is clear from the record that the defendants "have at all times maintained their objections to the adequacy of the service made upon them,"[14] we need not consider whether, as one commentator has observed, "[the] defendant[s] ... may be deemed to have waived the defense [of insufficient service of process] by first defending on the merits or taking other action amounting to a waiver."[15]

Norlock suggests that dismissal was discretionary and that the district court abused its discretion by dismissing the complaint without a hearing or an opportunity to serve process again. Federal Rule of Civil Procedure 4(j), however, provides, "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."[16] This rule mandates dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist. We need not here consider whether the command is unconditional and without exception. No reason has been advanced in this case to qualify its requirements.[17]

9. *Morse v. Elmira Country Club,* 752 F.2d 35, 42 (2d Cir.1984).

10. *See Armco, Inc. v. Penrod-Stauffer Building Systems,* 733 F.2d 1087, 1088–89 n. 1 (4th Cir. 1984).

11. *See Morse, supra* n. 9, 752 F.2d at 39; *Prather v. Raymond Construction Co., Inc.,* 570 F.Supp. 278, 281 (N.D.Ga.1983).

12. *Armco, supra* n. 10, 733 F.2d at 1088; *see also* Congressional Comments on 1983 Amendments, 2 Moore's Federal Practice ¶ 4.01[33.–3] at 4–44.-5—44.9 (2d ed. 1985); D. Siegel, Practice Commentary on Amendment of Federal Rule 4, 96 F.R.D. 88, 95–96 (1983).

13. *Federal Deposit Insurance Corp. v. Sims,* 100 F.R.D. 792, 794 (N.D.Ala.1984).

14. *Aetna Business Credit, supra* n. 6, 635 F.2d at 436.

15. 2 Moore's Federal Practice ¶ 4.02[3] at 4–48 (2d ed. 1985).

16. Emphasis added.

17. *See, e.g., FDIC v. Sims, supra* n. 13, 100 F.R.D. at 797; *Daley v. Alia,* 105 F.R.D. 87 (E.D.N.Y. 1985).

Subsection 4(j) was adopted at the same time the service by mail provision was adopted. Professors Wright and Miller explain that, prior to 1982, when service was performed exclusively by the marshals, "a timing restriction was not thought to be necessary. However, Rule 4 now authorizes service of process by any nonparty adult and service by mail and these changes might produce problems of timeliness. Subdivision (j) answers that need." [18] These commentators also observe, "[t]he time limits in Rule 4(j), although they are meant to be strictly enforced, are not unduly harsh, as the time may be enlarged by the court pursuant to Rule 6(b), if necessary." [19]

Norlock has never filed a motion pursuant to Federal Rule of Civil Procedure 6(b) [20] to enlarge the time for perfecting service of process. When a plaintiff has delayed serving the defendants, this court has recognized the district court's power "to vindicate its control of its docket and to protect named defendants in case brought in the federal court." [21]

Although dismissal was without prejudice, it may effectively have been with prejudice because Norlock's action may now be time-barred. Professor Moore's treatise observes that if, as in this circuit, "the applicable statute of limitations is tolled by filing alone,[22] timely service of process will preserve the action, but dismissal un-der Rule 4(j) will result in the action being time-barred if the statute has run after the filing of the complaint." [23] Noting this possibility, we do not decide the result of the dismissal. The dismissal rule is designed simply to clear a court's docket, not to prejudice a litigant whose service is defective. Here, however, the litigant did not institute suit until five days before the statute of limitations apparently ran. It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact or for some causes of action on the basis that these are more favored than others.

■ Because service on the defendants has never been perfected and Norlock has neither moved for additional time under Rule 6(b) nor even sought a finding of good cause for extension of time under Rule 4(j), the district court's dismissal of Norlock's complaint without prejudice is AFFIRMED.

---

**18.** 4 Wright, Miller, and Kane, Federal Practice & Procedure § 1138 at 261 (Supp.1985) (footnotes omitted).

**19.** *Id.* (footnote omitted).

**20.** Rule 6(b) provides:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.
*See Burks v. Griffith,* 100 F.R.D. 491, 492 (N.D. N.Y.1984).

**21.** *Redding v. Essex Crane Rental Corp. of Alabama,* 752 F.2d 1077, 1078–79 (5th Cir.1985) (per curiam).

**22.** *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184 (5th Cir.1980).

**23.** 2 Moore's Federal Practice ¶ 4.46 at 4–574 (2d ed.1985).