SO ORDERED.

**Gary RED ELK, Plaintiff,**

v.

**Dick STOTTS, Dale Gifford, the City of Kalispell, a political subdivision of the State of Montana, County of Flathead, a political subdivision of the State of Montana, Ted Lympus, and John Does I through X, Defendants.**

**No. CV 84–233–M–CCL.**

United States District Court, D. Montana, Missoula Division.

July 23, 1986.

Donald Shaffer, Libby, Mont., for plaintiff.

Jonathan B. Smith, Flathead Co. Atty.'s Office, Kalispell, Mont., for defendants.

---

## ORDER

LOVELL, District Judge.

This is a Section 1983 civil rights case, in which plaintiff Gary Red Elk seeks redress for alleged deprivations of civil rights by reason of unlawful arrest and incarceration. Defendants Flathead County, county attorney Ted Lympus, and any of the John Does who are county employees (Defendants), move this court to dismiss the case for insufficiency of service of process, F.R. Civ.P. 12(b)(5), and prosecutorial immunity.

*Background*

Plaintiff filed his complaint in the present action on November 23, 1984. It appears plaintiff mailed copies of the summons and complaint, along with acknowledgment forms, to the defendants, pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure, on March 20, 1985, or three (3) days before the 120-day limit found in Rule 4(j) expired. The acknowledgment forms were returned on April 8, 1985. On April 26, 1985, defendants filed their motion to dismiss. On December 10, 1985, this court ordered the parties to brief the issue of when service of process is effective when attempted pursuant to Rule 4(c)(2)(C)(ii).

*Issues*

Defendants' motion places two issues before the court:

(1) Whether service of process is effective when the Notice and Acknowledgment forms are mailed before expiration of the 120-day period, but are not signed and returned until after the allowable time has expired.

(2) Whether service upon Flathead County through the means provided in Rule 4(c)(2)(C)(ii) is ineffective regardless of the time frame involved.

*Service on Flathead County*

 Plaintiff attempted to serve Flathead County through the mails in the manner provided in Rule 4(c)(2)(C)(ii). Rule 4(c)(2)(C)(ii) provides for mail service upon individuals and corporations (domestic business entities). Fed.R.Civ.P. 4(c)(2)(C)(ii),

(d)(1) and (3). It does not authorize service by mail on counties. *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir.1985).

Rule 4(d)(6) provides:

Service shall be made as follows:

\* \* \* \* \* \*

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

 The Montana Rules of Civil Procedure provide for mail service in a provision patterned after Rule 4(c)(2)(C)(ii). Rule 4D(1)(b)(i) provides for mail service upon individuals and business entities. It does not authorize mail service on counties. Rule 4D(2)(g) specifically provides that "[s]ervice shall be made ... [u]pon a city ... [or] county ... by delivering a copy of the summons and complaint to any commissioner, trustee, board member, mayor or head of the legislative department thereof."

 Therefore, because neither the Federal Rules of Civil Procedure nor the Montana Rules of Civil Procedure authorize mail service on a county, the service, through the mails, upon Flathead County was ineffective regardless of the time frame involved.

*Service on County Defendants*

 There is no question that plaintiff attempted service upon defendants pursuant to the provisions of Rule 4(c)(2)(C)(ii). The question which must be addressed is when such service becomes effective: upon mailing, upon return, or, absent return, upon personal service.

Rule 4(c)(2)(C)(ii) provides:

A summons and complaint may be served upon a defendant of any class referred to

in paragraph (1) or (3) of subdivision (d) of this rule—

\* \* \* \* \* \*

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under paragraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

The majority rule appears to be that the service becomes effective upon the return of the acknowledgment forms.

> The district court's conclusion that service by mail was never perfected is consistent with the purpose and function of the amended rule. As the Fourth Circuit stated, the effectiveness of mail service "is dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form.

*Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985), *citing Armco, Inc. v. Penrod-Stauffer Building Systems,* 733 F.2d 1087, 1088 (4th Cir.1984). *See also, Delta Steamships Lines, Inc. v. Albano,* 768 F.2d 728, 730 (5th Cir.1985) ("We conclude that Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving *in personam* jurisdiction as well as service of process and that the defendant's return and acknowledgment are an essential part of that procedure."); *Stranahan Gear Company v. NL Industries, Inc.,* 102 F.R.D. 250, 251 (E.D.Pa.1984) ("The parties agree that the acknowledgment (form 18–A) was never signed and returned. As a result, valid service was never made on Blue Streak."); *Billy v. Ashland Oil Inc.,* 102 F.R.D. 230, 234 (W.D.Pa.1984).

This conclusion finds support in the legislative history of the rule.

> H.R. 7154 provides for a system of service by mail similar to the system now used in California. See Cal.Civ.Pro. § 415.30 (West 1973). Service would be by ordinary mail with a notice and acknowledgment of receipt form enclosed. If the defendant returns the acknowledgment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be *effected* through some other means provided for in the Rules.
>
> This system of mail service avoids the notice problems created by the registered and certified mail procedures proposed by the Supreme Court. If the proper person receives the notice and returns the acknowledgment, service is complete. If the proper person does not receive the mailed form, or if the proper person receives the notice but *fails to return the acknowledgment form,* another method of service authorized by law is required.

Statement of Representative Edwards of California, *reprinted in* 1982 U.S.Code Cong. & Ad.News 4434, 4439–40 (emphasis added).

Additional support is also found in the statements of Professor David D. Siegel in his commentary to Rule 4 set forth at 28 U.S.C.A. (West 1985) at 56–57:

> The plaintiff intent on using mail service ... must also keep a sharp eye on subdivision (j)'s 120–day requirement. Mail service has its own time requirements. The defendant has 20 days in which to acknowledge the mail service ... and the plaintiff must resort to some other method if no acknowledgment is returned within the 20 days. Those 20 days come out of subdivision (j)'s overall 120–day allotment.

Therefore, it can clearly be seen that it is the rule that service under Rule 4(c)(2)(C)(ii) is not effective until the acknowledgment is returned.

An equitable exception to the majority rule has been recognized by a few courts.

Whether the structure of the Rules is such as to allow for equitable exceptions is a question which the Court need not address, for in the present case the rule applies, and the exception does not come into play.

The leading case espousing the exception is *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984). In *Morse*, the defendant received the summons and complaint, mailed to him pursuant to Rule 4(c)(2)(C)(ii), yet simply refused to return the acknowledgment. The court stated that

> We do not agree that the rule should be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service. First, the words do not say in terms that a received-but-unacknowledged mail service is ineffective, nor do they command personal service as a prerequisite to effective service by mail (if mail service is unacknowledged).

*Morse*, 752 F.2d at 39. The court went on to indicate what it considered to be the key factors counseling that service should be deemed effective.

> Above all, strong factors of *justice and equity* push toward reading Rule 4(c) as providing for effective service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly. We have been given no adequate explanation why the acknowledgment was withheld here.... Certainly, the desire to harass or inconvenience plaintiff, or to delay the tolling of limitations, should not be an excuse or a reason to interpret the rule against plaintiff.... In short, Congress would have no ground for providing that proper and known mail service would become ineffective simply because the defendant, without reason, acted like the dog in the manger.

752 F.2d at 40 (emphasis added) (footnote omitted). It is clear that the court is reacting to the defendant's willful and deliberate attempt to use the mail service to the plaintiff's disadvantage. *See also, Prather v. Raymond Construction Co., Inc.*, 570 F.Supp. 278, 282 (N.D.Ga.1983) ("While it is true that plaintiff has not perfected service upon defendant ... defendant has in effect evaded service by failing to return the acknowledgment of service. Therefore, defendant cannot be heard to complain that service was not perfected....").

The Fifth Circuit implicitly recognizes this "equitable exception" in *Norlock*. "No fault is attributable to the defendant as it might be had he received the notice and acknowledgment form and refused to return the acknowledgment." *Norlock*, 768 F.2d at 657, *citing Morse* and *Prather*.

Further, in discussing *Morse* in his comments on Rule 4(c), Professor Siegel notes that "[t]he court frowns on the defendant's deliberate withholding of the acknowledgment and justifies its reading of Rule 4(c) in *Morse* as influenced by 'strong factors of justice and equity.' " 28 U.S.C.A. (Supp. 1985) at 66.

*Conclusion*

■ In the present case, plaintiff mailed the summons, complaint and acknowledgment forms to defendants three days before the expiration of the 120–day period. Defendants returned the acknowledgment forms within the time frame allowed by the Rule. Plaintiff put himself in the position of risk by attempting service at such a late date.

Based on the Court's ruling that service of process was insufficient, defendants' other grounds for their motion to dismiss need not be addressed.

IT IS ORDERED that plaintiff's complaint is DISMISSED without prejudice as to each defendant for failure to effect proper service of process.