Mary **JOHNSTON**

v.

**ETHYL CORPORATION.**

Civ. A. No. 87–724–B.

United States District Court,
M.D. Louisiana.

March 27, 1988.

John P. Aydell, Jr., D'Amico, Curet & Dampf, Baton Rouge, La., for plaintiff.

Steven Hymowitz, Trial Atty., Christopher P. Charlton, McCalla, Thompson, Pyburn and Ridley, New Orleans, La., E.J. Panichas, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on the motions of Ethyl Corporation ("Ethyl") to dismiss plaintiff's claims for sex discrimination under 42 U.S.C. § 2000e et seq.; to strike claims for pain, distress, humiliation, embarrassment, and anxiety under 42 U.S.C. § 2000e et seq. and 29 U.S.C. § 621 et seq.; and, to obtain sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. No oral argument is required on these motions. For reasons which follow, defendant's motions to dismiss and to strike are granted. Defendant's motion for sanctions is denied.

Ethyl discharged the plaintiff, Mary Johnston, from employment on February 1, 1985. On July 3, 1985, the plaintiff filed a grievance complaint with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination on the basis of age and sex. The EEOC declined to prosecute plaintiff's claim and issued a "Right to Sue" letter to her. Johnston timely filed suit on the claim in this court on July 14, 1986. The suit was dismissed on August 19, 1987 pursuant to Fed.R.Civ.P. 4(j) for failure to serve the defendant within 120 days of the filing of the complaint. The plaintiff then refiled an almost identical suit on August 24, 1987. Defendant has now filed a motion to dismiss plaintiff's claim on the basis that it is time barred.

Defendant's motion to dismiss poses a single issue: whether the filing of the complaint in a suit that is subsequently dismissed without prejudice tolls prescription for purposes of a later suit filed on the same cause of action. This court believes that it does not.

■ Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." The filing of a complaint alone suffices to toll the running of a statute of limitations. *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980).

Rule 4(j) of the Federal Rules of Civil Procedure provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Plaintiff contends that Rule 4(j) mandates that a dismissal for failure to serve a defendant be without prejudice. She claims that a failure to toll prescription in the instant case would contravene Rule 4(j) and result in a dismissal with prejudice. Plaintiff's contention is without merit.

█ A dismissal without prejudice under Rule 4(j) is intended to leave the plaintiff in the same position as if the action had never been filed. 4A Wright & Miller, Federal Practice and Procedure section 1137, p. 399 (1987); *Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir.1987); *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir.1985). The mere fact that the statute of limitations has run does not prevent a Rule 4(j) dismissal. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1307 (5th Cir.1985); *Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077 (5th Cir. 1985). Although Rule 4(j) dismissal may be without prejudice, it may effectively be with prejudice because plaintiff's action may be time barred. *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir.1985). In *Norlock* the court specifically addressed the issue involved in this case and stated:

> It is not [the function of the court] to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact or for some causes of action on the basis that these are more favored than others. * * * The time limits in Rule 4j, although they are meant to be strictly enforced, are not unduly harsh, as the time may be enlarged by the court pursuant to Rule 6b, if necessary.

*Id.* at 658 (footnotes omitted).

█ In the instant case Johnston, like the plaintiff in *Norlock*, failed to take advantage of remedies provided by Rule 6(b). Johnston did not file a Rule 6(b) motion for enlargement of time within which to serve the defendant. The plaintiff failed to move to vacate the order dismissing the first suit.[1] Where a plaintiff has delayed serving the defendants, the Fifth Circuit has recognized the district court's power "to vindicate its control of its docket and to protect named defendants in case(s) brought in the federal court." *Redding, supra* at 1078–79, cited in *Norlock, supra* at 658. Plaintiff had 90 days from the date she received the "Right to Sue" letter in which to file her lawsuit. She received the "Right to Sue" letter on April 23, 1986. Plaintiff then had 120 days from the date she filed her suit to serve the defendant. Plaintiff failed to timely serve the defendant and her suit was dismissed. Plaintiff then filed the pending suit on August 19, 1987. Since this court finds that plaintiff's first lawsuit did not toll the 90 day statute of limitations, the instant suit is not timely filed.

█ Defendant's motion to strike plaintiff's claims for compensatory damages is likewise granted. Compensatory damages for pain, distress, humiliation, embarrassment, and anxiety are not recoverable under 29 U.S.C. § 621 et seq., *Dean v. American Security Insurance Co.*, 559 F.2d 1036, 1038–40 (5th Cir.1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978), or under 42 U.S.C. 2000e. *Irby v. Sullivan*, 737 F.2d 1418, 1423 n. 6 (5th Cir.1984), *Miller v. Texas State Bd. of Barber Examiners*, 615 F.2d 650, 654 (5th Cir. 1980), cert. denied, 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980).

Therefore:

IT IS ORDERED that the motion of defendant Ethyl Corporation to dismiss plain-

---

1. This option was suggested in *Owens v. Weingarten's, Inc.*, 442 F.Supp. 497, 498 (W.D.La. 1977).

tiff's claims for sex discrimination under Rule 12(b)(6) is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to strike compensatory claims for pain, distress, humiliation, embarrassment, and anxiety under rule 12(f) is GRANTED.

IT IS FURTHER ORDERED that defendant's motion for Rule 11 sanctions is DENIED.