John C. GALLIEN

v.

GUTH DAIRY, INC.

Civ. A. No. 90–1994.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

April 23, 1991.

Ulysses Gene Thibodeaux, Lake Charles, La., for plaintiff.

Frank Miller, Lake Charles, La., for defendant.

## MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

This suit was filed by Gallien on August 30, 1990 against Guth Dairy, Inc. Jurisdiction was invoked under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 et seq.

In accordance with Federal Rule of Civil Procedure 4(a), the clerk's office issued plaintiff a summons to be served on defendant. Rule 4(j) required plaintiff to serve the summons and a copy of the complaint on the defendant within 120 days of the filing of the complaint. Plaintiff faced a deadline of December 30, 1990. Plaintiff admits that service was not even attempted until January 15, 1991. Guth Dairy, on February 21, 1991, moved for dismissal without prejudice under Rule 4(j), Federal Rule of Civil Procedure.

Plaintiff's counsel explains the noncompliance as follows:

"As is the usual custom in the office of counsel for plaintiff, the summons and complaint were given to the secretary for preparation of an attachment to the notice and acknowledgment of receipt of summons and complaint. At the time of the filing of the complaint, counsel's regular secretary, Jacqueline S. Frank, was on maternity leave and did not return to employment at counsel's office until mid-September, 1990. The temporarily employed replacement secretary, rather than preparing the requisite notice and acknowledgment of receipt of summons and complaint and forwarding the complaint to the appropriate defendant, placed the documents back into plaintiff's file and into the file cabinet. It was not until the file was checked in the regular course of business that it was

learned that service had not been attempted. Upon learning this, the notice was immediately prepared and forwarded to the defendant along with the summons and complaint."

■ In order to survive the motion to dismiss, plaintiff must show "good cause" for failure to serve defendant within the time limitation.

■ Neither inadvertence of attorney nor secretarial misdeeds constitute good cause. *Powell v. Starwalt,* 866 F.2d 964 (7th Cir.1989); *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir.1988); *Braxton v. U.S.,* 817 F.2d 238 (3rd Cir.1987) and *Hart v. U.S.,* 817 F.2d 78 (9th Cir.1987). Plaintiff's "good cause" argument does not meet the stringent test of Rule 4(j). Further, where the referenced good cause is not shown, the Rule states that "the action shall be dismissed". Dismissal is mandatory. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). The rules and the case law are so explicit as to inadvertence that this Court must dismiss the complaint *without prejudice.*

### Effect of this Ruling

A perplexing and yet unsettled issue is the effect this ruling will have on an attempt by plaintiff to refile. Does the filing of a complaint, followed by untimely service of process, toll the applicable statute of limitations? Plaintiff was terminated from employment on October 7, 1988. Gallien filed a timely charge of race and age discrimination with the Equal Employment Opportunity Commission. A right to sue letter was issued by the EEOC on May 31, 1990. On August 30, plaintiff filed this suit. His cause of action under Title VII of the Civil Rights Act of 1964, was required to be filed within ninety (90) days. The Age Discrimination in Employment Act of 1967, borrowing from the provisions of the Portal-to-Portal Act, 29 U.S.C. § 255, provides for a two year statute of limitations on such claims. Simple mathematics indicate that a dismissal at this time may result in both of plaintiff's claims being timed barred.

The Fifth Circuit has consistently held that the possibility of a statute of limitations bar does not preclude a Rule 4(j) dismissal. *Winters v. Teledyne,* supra at 1307; *Redding v. Essex,* 752 F.2d 1077 (5th Cir.1985). However, that Court has never specifically ruled on the effect of a Rule 4(j) dismissal where a federal statute has allowed Fed.R.Civ.Pro. 3 to toll the limitations period.[1]

Professor Moore recognized this potential problem and stated "if the applicable statute of limitations is tolled by filing alone, timely service of process will preserve the action, but dismissal under Rule 4(j) will result in the action being time barred if the statute has run after the filing of the complaint." 2 J. Moore, Moore's Federal Practice, at 4-574 (2nd edition 1983). In their discussion of Rule 3, Wright & Miller note that under Rule 4(j), the filing of the complaint commences a federal question case for statute of limitation purposes. Wright & Miller suggest a somewhat different approach. They state,

"In cases in which the federal courts apply Rule 3 as a tolling mechanism, Rule 4(j) will have the most dramatic impact. A dismissal without prejudice under Rule 4(j) for failure to serve is intended to leave the plaintiff in the same position as if the action never had been filed. This becomes a difficult question when the statute of limitations has expired between the filing of the complaint and the dismissal of the action. The dismissal is not really without prejudice if the plaintiff's action is now barred by the running of the limitations period.

---

1. In the absence of a federal statute to the contrary, Rule 3 determines the tolling of a statute of limitations in an action brought under federal question jurisdiction. *West v. Conrail,* 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987); *Martin v. Demma,* 831 F.2d 69 (5th Cir.1987); *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184 (5th Cir.1980); *Johnson v. Ethyl* *Corp.,* 683 F.Supp. 1059 (M.D.La.1988); *Satchell v. Romano,* 1988 WL 68762 (E.D.N.Y.1988). Distinguish *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) wherein the Court recognized that in diversity actions, Rule 3 does not effect state statute of limitations.

A more sensible approach would be to treat the limitation period as tolled by the filing and then restarted by the dismissal thereby giving the plaintiff some time to recommence if feasible." 4A C. Wright & A. Miller, § 1137, at page 399.

To allow the limitation period to continue to run may unwittingly lead to severe and harsh results. A defendant, noticing a defect in the service of process, but who is still within the statute of limitations period, could in his client's interest withhold raising the issue until the limitations period has expired, thereby forever barring plaintiff's claim. District Judge Leval, concurring in a Second Circuit panel decision, envisions a far worse hypothetical if the limitations period was to expire while the motion to dismiss under Rule 4(j) was pending before the district court. The plaintiff may then find himself barred from prosecuting a valid cause of action, notwithstanding that he both filed and served within the limitation period. *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, at 1097 (2nd Cir.1990). Such unfair results were certainly not the intention of Congress when enacting Rule 4(j). Indeed, the Fifth Circuit, while not deciding the result of such a dismissal, recognized that Rule 4(j) "is designed simply to clear a court's docket, not to prejudice a litigant whose service is defective." *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir.1985).

The problem may not arise in the future provided that a proposed amendment to Rule 4 becomes effective. The judicial conference has recommended that the language of Rule 4(j), to be renumbered as Rule 4(m), be amended to allow the court to dismiss an action without prejudice for failure to serve within 120 days after filing, *or* direct that service be effected within a specified time. This much broader discretion granted to district courts is clearly an indication that the judicial conference seeks to avoid undue prejudice to plaintiffs' under Rule 4(j).

The notes of the Advisory Committee on Civil Rules contain this explanation of the proposed rule change:

"The new subdivision explicitly provides that the court shall allow additional time for service if there is good cause for the plaintiff's failure to effect it in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief was formerly available in some cases, partly in reliance on Rule 6(b), and it was not the purpose of the former rule to be rigorous in the imposition of a dismissal for slowness in effecting service. Relief may be justified, for example, in a case in which the application statute of limitations would bar the refiled action."

### Conclusion

■ Federal Rule of Civil Procedure 4(j) provides "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such was required cannot show good cause why such service was not made within that period, the action shall be *dismissed* without prejudice upon the court's own initiative with notice to such party or upon motion." This rule mandates dismissal whereas here the service was not made within the specified time period and good cause to extend the time does not exist.

The dismissal is without prejudice. But, it may be with prejudice because plaintiff's cause of action may now be time barred. Noting this possibility, we have discussed at some length this issue. However, our dissertation is not a decision on the result of the dismissal.

Order attached.