**McKarla Faye FOREST,**

v.

**HOLLAND DISTRIBUTORS, INC.,**
**Maytag Corporation and**
**Estelle Moore.**

**Civ. A. No. 92–830–B.**

United States District Court,
M.D. Louisiana.

May 10, 1993.

---

88

Thomas A. Nelson, New Roads, LA, for plaintiff.

Clarence Michael Hart, David Mark Bienvenu, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for defendants.

## RULING ON MAYTAG'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the motion of Maytag Corporation (Maytag) for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.[1] For reasons which follow, Maytag's motion for summary judgment is GRANTED.

Since the Court's jurisdiction is based on diversity, the Court must apply Louisiana law. The undisputed material facts show that plaintiff's cause of action has prescribed under Louisiana law. On July 30, 1991, plaintiff filed a suit in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, Louisiana, entitled "McKarla Faye Forest v. The Hartford Insurance Company and Holland Distributors, Inc." (Docket No. 26,-415, Div. C) (Forest I). Hartford removed that suit on August 29, 1991, to the United States District Court for the Middle District of Louisiana. On March 23, 1992, Judge John Parker dismissed Holland pursuant to Rule 4(j) of the Federal Rules of Civil Procedure because of failure to serve the defendant within 120 days. In the same order, Hartford's motion for summary judgment was granted. A judgment of dismissal was signed on March 24, 1992, dismissing Forest's claims against both Hartford and Holland.

On September 25, 1992, plaintiff filed another lawsuit against Maytag and Holland in the Eighteenth Judicial District (Forest II), which Maytag removed to this Court on the same day. Maytag answered the lawsuit and now seeks summary judgment on the basis of prescription.

■ Plaintiff filed this tort action to recover damages resulting from the wrongful death of her son, which occurred July 30, 1990. The applicable prescriptive period for such an action is one year under Louisiana Civil Code article 3492. Therefore, this action would have prescribed July 30, 1991, unless it was tolled or interrupted. Plaintiff's first lawsuit (Forest I) was filed on the last day of the prescriptive period and would have interrupted prescription as to Holland and Maytag had either been served. However, they were not. ˙ Holland was dismissed pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.

■ While state courts are free to fashion the effects of their own dismissals, federal law mandates that a dismissal under Rule 4(j) retroactively invalidates the previous filing of a lawsuit thereby creating the legal fiction that the suit was never filed. Both the Fifth Circuit in Norlock v. City of Garland[2], and this Court in Johnston v. Ethyl Corp.[3], have followed this rule. Erie R. Co. v. Tompkins[4] does not require this Court to substitute the effect of inherently procedural decisions with the interpretation and effect that state courts would give, as suggested by plaintiff. Under Hanna v. Plumer[5], federal procedural law applies when a decision is inherently procedural. The effect of a Rule 4(j) dismissal under the Federal Rules of Civil Procedure is inherently procedural and governed by federal law.

In summary, the Court finds that this suit against Holland Distributors, Inc., Maytag Corporation and Estelle Moore has prescribed. Therefore, the motion of Maytag Corporation for summary judgment is GRANTED.

1. The case was properly removed by Maytag, which is Holland Distributors, Inc.'s successor in interest, in accordance with 28 U.S.C. §§ 1441 and 1446.

2. 768 F.2d 654 (5th Cir.1985).

3. 683 F.Supp. 1059 (M.D.La.1988).

4. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Judgment shall be entered dismissing plaintiff's suit with prejudice.