**Ronald RIENDEAU, Plaintiff,**

v.

**ST. LAWRENCE & ATLANTIC RAILROAD CO. and CN North America a/k/a Canadian National Railway Co., Defendants.**

**No. 95 CV 273.**

United States District Court, D. Vermont.

April 30, 1996.

---

Marsha Smith Meekins, Roesler, Whittlesey, Meekins & Amidon, Burlington, VT, for Ronald Riendeau.

James Cornelius Gallagher, Downs, Rachlin & Martin, St. Johnsbury Offices, St. Johnsbury, VT, Scott T. Maker, John C. Nivison, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, ME, for St. Lawrence & Atlantic Railroad Co.

Robert B. Hemley, Karin J. Immergut, Gravel & Shea, Burlington, VT, for CN North America.

## OPINION AND ORDER

SESSIONS, District Judge.

On September 11, 1995, Plaintiff Ronald Riendeau (Riendeau) filed the instant lawsuit against the Defendants, St. Lawrence & Atlantic Company (SL & AR) and CN North America a/k/a Canadian National Railway Company (CN), under the Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 et seq., the Federal Safety Appliance Acts, 45 U.S.C. § 1–16, and the Boiler Inspections Acts, 45 U.S.C. § 22–34. Riendeau was a machine operator and trackman in Vermont for CN from 1957 to 1989 and for SL & AR from 1989 to the time of the filing of the Complaint. He complains that, due to the negligence of SL & AR and CN, he sustained occupational hearing loss as a result of noise exposure during his employment. At issue in the instant matter is the adequacy of process and the service of process of Riendeau's summons and complaint on CN.

## BACKGROUND

On September 12, 1995, Riendeau sent by certified mail, return receipt requested, a copy of the summons, complaint, notice of lawsuit, request for waiver of service, and waiver of service to CN. The mailing was addressed to CN North America a/k/a Canadian National Railway Company at 2 Federal Street, St. Albans, New York 05478. The correspondence was mistakenly addressed to New York State although it arrived in St. Albans, Vermont due to its correct zip code. The address is of the Central Vermont Railway, a former affiliate of CN which had been sold in February, 1995. The return receipt was signed by Louise Corbiere, a representative of CN and forwarded to Plaintiff. CN did not execute the waiver of service.

On October 23, 1995, Attorney Robert B. Hemley wrote to Riendeau's counsel acknowledging representation of CN and receipt of the complaint. Attorney Hemley indicated in his letter that he was inclined to recommend service be accepted by his client. However, no executed waiver of service was forthcoming.

On January 4, 1996, CN filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 4 and 12, requesting that the Court dismiss the complaint for lack of jurisdiction, insufficiency of process and insufficiency of service of process. CN argues that "CN North America a/k/a Canadian National Railway Co." does not exist, that CN is a Canadian business which no longer does business within the State of Vermont, and that CN owns no property within the state. Further, CN asserts that service of process under Fed. R.Civ.P. 4(h)(2) was defective, since service by mail upon a foreign corporation must be sent by the clerk of court to the party to be served. Absent personal service upon CN or service in a manner prescribed by Quebec law, the Court lacks jurisdiction over the Defendant. CN argues that it is entitled to dismissal under Rule 4(m) since no service was made within the 120 period established by that Rule.

Riendeau argues that he has complied with Rule 4(h)(1). He contends that CN through its agent acknowledged receipt of the summons and complaint within the statutory 120 day period and that, arguably, such acknowledgement constituted a waiver of service. In the alternative, Plaintiff requests an additional period in which to complete service. On January 12, 1995 Plaintiff sent a copy of the summons and complaint to CN via certified mail, return receipt requested, to its corporate headquarters in Montreal. Again, no executed waiver of service was forthcoming from CN, nor did Riendeau attempt to accomplish personal service on a specified officer or general agent.

On February 16, 1996, CN filed a supplemental memorandum. CN asserts that service by certified mail on January 12, 1996 does not comply with Rule 4(h)(2). Again, CN seeks dismissal for failure to serve the pleading within the 120 day period of Rule 4(m).

## DISCUSSION

Fed.R.Civ.P. 4(m) requires that service of the summons and complaint must be completed within 120 days of filing of the pleading. That period of time can be extended for service of the summons and complaint outside of the United States provided that a good faith attempt was made within the 120 day period. *See Mentor Ins. Co. Ltd. v. Brannkasse,* 996 F.2d 506, 512 (2d Cir.1993); *Montalbano v. Easco Hand Tools,* 766 F.2d 737, 740 (2d Cir.1985). Rule 4(m) also requires the court to extend the 120 day period upon a showing of good cause. Finally, the Rule was amended in 1993 to permit the court to direct that service be effected within a specified time period, thereby extending the 120 day period at the court's discretion even absent a showing of good cause.

Fed.R.Civ.P. 4(h)(2) requires parties to treat service of foreign corporations similar to service upon individuals in another country. Under Rule 4(f), there are a number of identified ways by which service is to be accomplished: (1) by procedures defined within international agreements reasonably calculated to give notice; (2) in the absence of such international agreements, by manners prescribed by law of the foreign country, by personal service or mailing addressed and dispatched by the clerk of the court to

the party to be served, or by a manner directed by a letter of rogatory or request; or (3) "by other means not prohibited by international agreement as may be directed by the court."

Both Canada and the United States are signatories to the Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters. Under that Agreement, service must be accomplished in compliance with Canadian procedures. Appended to the Convention document is Canada's procedures for service within its boundaries. The normal procedure in Canada is for personal service to be done by "judicial officers" within the province, most notably sheriffs or "huissiers". In the case of corporations, service must be accomplished upon a director or senior officer.

■ Riendeau first attempted to get CN to waive service by mailing the summons and complaint to an address of an affiliate in St. Albans, Vermont. No waiver was forthcoming from CN; therefore, it was incumbent upon Riendeau to personally serve CN within the 120 period, regardless of whether the address was correct or not. Fed.R.Civ.P. 4(m). No such service was accomplished within that statutory period.

Riendeau next sought to accomplish service by sending, by certified mail, return receipt requested, the summons, complaint, request for waiver and waiver of service to CN at its headquarters in Montreal in January, 1996. Under Quebec law, personal service is generally required. Service by mail is permitted only if the complaint and summons are forwarded by the clerk of court within the province of Quebec. Riendeau's attempted service was therefore ineffective.

■ The next issue is whether Riendeau has established good cause to extend the time period for service of process. Lack of prejudice, as well as reasonableness of effort to effect service, will be considered in determining whether there was good cause for failure to serve the summons and complaint. *Gordon v. Hunt*, 116 F.R.D. 313, 319, *aff'd*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988).

■ Although Riendeau did not entirely shirk his service responsibilities, he has not proven that he made a reasonable effort to serve CN under Rule 4(m). A single defective attempt at service in response to a Court order requiring service to be accomplished fails to meet the reasonableness of effort prong of the test. *Gordon*, 116 F.R.D. at 321–22 (citing, *inter alia, Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985)). On the other hand, CN has not shown that it has suffered prejudice as a result of Riendeau's failed attempts at service of process. A CN representative signed a receipt in acknowledgement of the original attempt at service. No facts are asserted by CN which would indicate that their legal position regarding the complaint is in any way hindered by the late service.

However, the Court need not rule on the issue of whether good cause for the failure to serve existed. Even if the Court were to find that good cause did not exist, Rule 4(m) permits the Court to dismiss the complaint without prejudice or to direct that service be accomplished within a given time period if the 120 day period has expired. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995) ("[T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time of service.") The Court declines to dismiss the complaint even absent a showing of good cause for failure to effect service in a timely fashion. Because of the efforts made by Riendeau to provide service and the lack of prejudice suffered by CN, the Court finds, in its discretion, that an extension of the time for proof of service is appropriate.

## ORDER

For the reasons set forth above, the Court DENIES the Motion to Dismiss. The Court directs that Riendeau accomplish personal or other permissible means of service upon CN pursuant to Rule 4(f)(3). Riendeau is directed to effect service and to provide proof of service upon CN to the Court in compliance with the Rule within sixty days of this Order. Failure to provide proof of service in compliance with the Rule within sixty days of the

date of this Order will result in the Court dismissing the Complaint.