Patrick L. O'KEEFE, Plaintiff,

v.

ST. LAWRENCE & ATLANTIC RAILROAD CO. and CN North America, Defendants.

No. 95 CV 83.

United States District Court, D. Vermont.

April 30, 1996.

Marsha Smith Meekins, Roesler, Whittlesey, Meekins & Amidon, Burlington, VT, Thomas J. Joyce, Forceno & Hannon, Philadelphia, PA, for plaintiff.

James Cornelius Gallagher, Downs, Rachlin & Martin, St. Johnsbury, VT, Scott T. Maker, John C. Nivison, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, ME, for St. Lawrence & Atlantic Railroad Co.

Robert B. Hemley, Gravel & Shea, Burlington, VT, for CN North America.

## OPINION AND ORDER

SESSIONS, District Judge.

On March 23, 1995, Plaintiff Patrick L. O'Keefe (O'Keefe) filed a Complaint against the Defendants, St. Lawrence & Atlantic Railroad Co. (SL & AR) and CN North America a/k/a Canadian National Railway Co. (CN), under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et. seq., the Federal Safety Appliance Acts, 45 U.S.C. § 1–16; and the Boiler Inspection Acts, 45 U.S.C. § 22–34. O'Keefe was a machine operator in Vermont for SL & AR and CN from 1972 through 1992. He complains that, due to the negligence of the Defendant railroad companies and their agents, he suffered occupational noise-induced hearing loss. At issue is the adequacy of process and service of process upon CN.

## BACKGROUND

O'Keefe sent a true and correct copy of the complaint, notice of lawsuit, request for waiver of service, and waiver of service of summons to CN on May 1, 1995, by certified mail, return receipt requested. The receipt was signed by L.G. Corbiere on behalf of CN on May 4, 1995. Counsel for CN and O'Keefe agreed by telephone and letter to give CN an additional thirty days in which to file an answer. No waiver of service was signed by CN, nor did CN file an answer to the complaint.

On December 18, 1995, the Court directed O'Keefe to file proof of service within twenty days from that date. O'Keefe responded on January 2, 1996, that he served CN by sending the summons and complaint, together with the waiver of service of process, by certified mail in March, 1995, to "CN North America, 2 Federal Street, St. Albans, New York 05478." The zip code of the correspondence resulted in its delivery to St. Albans, Vermont.

CN filed a Motion to Dismiss on February 16, 1996, based upon insufficiency of process, insufficiency of service of process, and lack of jurisdiction. CN asserted in its motion that documents sent to CN were improperly addressed in violation of Rule 4. O'Keefe failed to address the summons and complaint directly to an officer or agent of CN as required by Rule 4(d)(2)(A). CN North America was not the correct name of corporation but only a tradename used by CN. In addition, although CN had an affiliate, Central Vermont Railway, located at 2 Federal Street, St. Albans, Vermont 05478, that affiliate had been sold to a Texas corporation in February, 1995. CN no longer did business within the State of Vermont or owned any property within the state.

CN also objects to the manner of service of the summons and complaint. At the time that this action was commenced, CN was an instrumentality of the Canadian government, as to which service of process was governed by Rule 4(j). Later, CN was privatized so that service of process was governed by Rule 4(h)(2). According to CN, service of process by O'Keefe failed to satisfy the requirements of either of these provisions.

O'Keefe filed a response to CN's Motion to Dismiss on February 28, 1996. He argued that the certified mailing together with the signed receipt was sufficient to constitute service under Rule 4(j) and 4(h). In the alternative, O'Keefe requests that the Court extend the time period to effect service under Rule 4(m). On February 2, 1996, Plaintiff sent via certified mail, return receipt requested, a copy of the summons and com-

plaint together with a waiver of service to CN's corporate headquarters in Montreal, Canada. O'Keefe argues that, provided the Court extends the time for proof of service to February 2, 1996; dismissal could not be ordered since the mailing satisfied Rule 4(h)(2). However, the pleading was not addressed to a designated officer or agent of CN authorized to receive service, nor was the waiver of service of the summons and complaint executed.

## DISCUSSION

■ Fed.R.Civ.P. 4(m) requires that service of the summons and complaint must be completed within 120 days of filing of the pleading. That period of time can be extended for service of the summons and complaint outside of the United States provided that a good faith attempt was made within the 120 day period. *See Mentor Ins. Co., Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir.1993); *Montalbano v. Easco Hand Tools*, 766 F.2d 737, 740 (2d Cir.1985). Rule 4(m) also requires the court to extend the 120 day period upon a showing of good cause. Finally, the Rule was amended in 1993 to permit the court to direct that service be effected within a specified time period, thereby extending the 120 day period, at the court's discretion, even absent a showing of good cause.

■ At the time of the filing of the Complaint, CN was an instrumentality of the Canadian government. Service of process was governed by Rule 4(j), which required that such service complied with 28 U.S.C. 1608. Section 1608 sets forth specific requirements which must be satisfied for proper service of process. If there is no agreement between plaintiff and the foreign instrumentality as to how service is to be completed, there must be delivery of the summons and complaint to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States," or by procedures incorporated in international agreements regarding service of judicial documents. 28 U.S.C. 1608(b)(2). Merely sending a copy of the summons and complaint with a proposed waiver of service

to a corporate defendant does not satisfy Section 1608.

When CN was privatized, service of process became governed by Rule 4(h)(2). That Rule requires parties to treat service of foreign corporations similar to service upon individuals in another country. Under Rule 4(f), there are a number of identified ways by which service is to be accomplished: (1) by procedures defined within international agreements reasonably calculated to give notice; (2) in the absence of such international agreements, by manners prescribed by law of the foreign country, by personal service or mailing addressed and dispatched by the clerk of the court to the party to be served, or by a manner directed by a letter of rogatory or request; or (3) "by other means not prohibited by international agreement as may be directed by the court."

Both Canada and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Appended to the Convention document are Canada's procedures for service within its boundaries. The normal procedure in Canada is for personal service to be done by a sheriff or a "huissier" in Quebec. In the case of a corporation, service can be accomplished upon a director or senior officer.

■ O'Keefe first attempted to get CN to waive service by mailing the summons and complaint to an address of Central Vermont Railway, an affiliate of CN prior to February, 1995. The pleading was not addressed to an identified agent of CN, nor was a waiver forthcoming. Execution of a receipt for the certified mail cannot substitute for such a waiver. As a result, it was incumbent upon O'Keefe to serve CN in compliance with the rules.

■ Rule 4(m) permits the court to extend the time for service of process beyond the 120 day period for good cause shown by the serving party. Lack of prejudice, as well as reasonableness of effort to effect service, will be considered in determining whether there was good cause for failure to serve the summons and complaint. *Gordon v. Hunt*, 116 F.R.D. 313, 319, aff'd 835 F.2d 452 (2d Cir.

1987), *cert. denied,* 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988).

■ Although O'Keefe did not entirely shirk his service responsibilities, he has not proven that he made a reasonable effort to serve CN under Rule 4(m). A single defective attempt at service which was not followed by an attempt to correct service within the 120 day time frame fails to meet the reasonableness of effort prong of the test. *Gordon,* 116 F.R.D. at 321–22 (citing, *inter alia, Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985)). Once he had sent the waiver of service, he did nothing during the 120 day period in which to confirm the service, despite the fact that CN never filed the waiver or an answer. Such a lack of response does not satisfy the reasonableness of effort standard.

O'Keefe next sought to accomplish service by sending, by certified mail, return receipt requested, the summons, complaint, request for waiver and waiver of service to CN at its headquarters in Montreal, Canada on February 2, 1996. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Means directs parties seeking to serve judicial documents to the law of the individual provinces. The Quebec Code of Civil Procedure requires personal service in the absence of service with a provincial court order. Since CN has refused to waive service of the summons and complaint, O'Keefe's mailing with merely a request for waiver of service of process was ineffective. On the other hand, CN has not shown that it has suffered prejudice as a result of O'Keefe's failed attempts at service of process. A CN representative signed a receipt in acknowledgement of the original attempt at service. No facts are asserted by CN which would indicate that their legal position regarding the complaint is in any way hindered by the late service.

■ The Court need not rule on the issue of whether good cause for the failure to service existed. Even if the Court were to find that good cause did not exist, Rule 4(m) permits the Court to dismiss the complaint without prejudice or to direct that service be accomplished within a given time period if the 120 day period has expired. *See Petru-*

*celli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995) ("[T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time of service.") Prejudice to the parties is a central factor in determining whether the time for effecting service should be extended.

■ The Court finds a number of factors present in the instant case which justify an extension of time for service of process. O'Keefe made an effort at notifying CN soon after the filing of the complaint. O'Keefe did have proof that CN had received the summons and complaint in the form of an executed return receipt. O'Keefe had at least some indication that CN would waive service in light of the request by CN counsel for an extension of time for the filing of an answer and had received no contrary indication that CN refused to waive service. CN has had full knowledge of the allegations within the complaint from the time of its filing and has not asserted prejudice by the failure of service of process.

The Court is perplexed as to why O'Keefe could not accomplish proper service of process as a result of its last Order. However, in light of the factors described above, the Court declines to take the drastic step of dismissal of the cause of action. An additional extension of time for effecting service appears appropriate.

### ORDER

For the reasons set forth above, the Court will DENY CN's Motion to Dismiss and GRANT O'Keefe's request to extend the time for the filing of proof of service. The Court directs that O'Keefe accomplish personal or other permissible means of service of process upon CN pursuant to Rule 4(f). O'Keefe is ordered to effect service of process and provide proof of that service within sixty days from the date of this Order. If O'Keefe has failed to provide proof of service within that sixty day period, the Court will dismiss the complaint against CN without prejudice.