AETNA BUSINESS CREDIT, INC.,
Plaintiff–Appellee,

v.

UNIVERSAL DECOR & INTERIOR DESIGN, INC., et al., Defendants,

Gary L. Kemp and Sharon L. Kemp, Defendants–Appellants.

No. 79–3631.

United States Court of Appeals,
Fifth Circuit.

Unit A

Jan. 27, 1981.

Rowland & Keim, Cary Stephen Watson, Sam E. Rowland, Houston, Tex., for defendants–appellants.

Roger B. Greenberg, Houston, Tex., for plaintiff–appellee.

Before GOLDBERG, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

This is an appeal from a final judgment against the appellants, Sharon and Gary Kemp, jointly and severally with the defendants, Universal Decor & Interior Design, Inc., for the sum of $71,153.31, with interest. Because the record does not show that valid service of process was made upon the Kemps, we must reverse the judgment below and remand the case for further proceedings.

Aetna Business Credit, Inc. (Aetna) brought suit in the United States District Court for the Southern District of Texas on a sworn account against Universal Decor & Interior Design, Inc. (Universal), and on a contract of guarantee against the Kemps. In support of the court's jurisdiction and venue, Aetna alleged that all defendants were citizens of Texas and residents of the Southern District of Texas.

An attempt to serve the Kemps at their Texas residence proved unsuccessful, and the citation was returned unexecuted with a notation that the Kemps had moved to Colorado. Process was then served through the Secretary of State of Texas, pursuant

to the provisions of Fed.R.Civ.P. 4(d)(7)[1] and the Texas long–arm statute, Tex.Rev. Civ.Stat.Ann. art. 2031b.[2] The citation was sent by registered mail to the Kemp's post office box in Colorado, but was returned to the Secretary unclaimed. A private investigator was then appointed by the court to personally serve the Kemps in Colorado, but nothing in the record indicates that service was ever successfully effected by this means.

The Kemps answered Aetna's complaint, alleging, *inter alia*, that they had been improperly served. The Texas long–arm statute, the Kemps contended, allowed service through the Secretary of State only when the party to be served was a nonresident of the state; since the Kemps were residents of Texas, service upon them through the Secretary was not proper.

Aetna's motion for summary judgment was granted as to Universal, and partially granted as to the Kemps. Specifically, the court determined that factual questions relating to the adequacy of the service of process upon the Kemps precluded summary judgment for Aetna on that issue, but that all other issues were resolved in favor of Aetna. Thus, the only issue remaining for trial was whether the Kemps had been properly served.

The Kemps were subsequently given notice to appear at the Houston offices of Aetna's attorneys to be deposed. The Kemps did not appear for those depositions. Aetna immediately moved in the district court for sanctions against the Kemps for their failure to appear. That motion was granted, and the court struck the Kemps' only remaining defense—that of improper service of process—and entered judgment against them jointly, and severally with Universal, for the full amount of the debt. The Kemps' subsequent motion for a new trial was denied and final judgment was entered on October 11, 1979. From that judgment the Kemps bring this appeal, contending that the trial court abused its discretion in imposing so drastic a sanction for their nonappearance as the striking of their only remaining defense.

■ We need not delve into the particulars of the Kemps' contentions. From the record, it appears that the district court never determined that valid service of process had been made upon the Kemps. Absent such a determination, no judgment against them can stand.

■ In the absence of valid service of process, proceedings against a party are void. *E. g., Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). Here, such challenge was made, and the district court determined in its refusal to grant summary judgment against the Kemps on this issue that the validity of the service had not been established. The question of the validity of the service in this case was never again addressed. Aetna adduced no further evidence, and the district court

1. Fed.R.Civ.P. 4(d)(7) provides:

   Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient that the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

2. Tex.Rev.Civ.Stat.Ann. art. 2031b, sec. 6, provides:

   When any corporation, . . . or natural person becomes a non–resident of Texas, as that term is commonly used, after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation . . . or natural person is not required to appoint a service agent in this State, such corporation . . . or natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business . . . or to such natural person by certified or registered mail, return receipt requested.

made no further findings on the question. Thus, the validity of the service of process remains unresolved.

Although service of process, like personal jurisdiction, may be waived, we can find no waiver here. The Kemps have at all times maintained their objections to the adequacy of the service made upon them, and this court has recently held that a district court may not use its power to impose sanctions under Fed.R.Civ.P. 37 to declare a waiver of the procedural prerequisites to the exercise of its jurisdiction. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d at 1139.

Simply stated, a district court may not enter judgment against a party who is not properly before it, nor—in the absence of valid service of process—declare that a party is properly before it as a sanction for that party's failure to comply with discovery. *Id.*

*Conclusion*

The judgment below is REVERSED and the case is REMANDED for further proceedings to determine the issue of the adequacy of the service of process; if jurisdiction may be asserted by reason of adequate service, the judgment may be reinstated.

REVERSED AND REMANDED.