**In re CHASE & SANBORN CORP.**
**f/k/a General Coffee Corp., Debtor.**

**Paul C. NORDBERG, as Creditor Trustee for the Estate of the Debtor, Chase & Sanborn Corp. f/k/a General Coffee Corp., Plaintiff,**

v.

**GRANFINANCIERA S.A., a Colombian corporation; and Medex, Ltda., a Latin American corporation, Defendants.**

Bankruptcy No. 83–00889–BKC–TCB.
Adv. No. 86–0043–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 21, 1986.

Gary R. Jones, Hornsby & Whisenand, Miami, Fla., for plaintiff.

Boyce F. Ezell, III, Ezell, Menendez & Patterson, Miami, Fla., for defendants.

Ronald G. Neiwirth, Miami, Fla., for debtor.

**ORDER ON DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS**

THOMAS C. BRITTON, Chief Judge.

This complaint filed by a liquidating trustee appointed by a bankruptcy plan of

reorganization seeks avoidance of several transfers aggregating $1.7 million made by the bankruptcy debtor to these two Colombian corporations upon the ground that they were fraudulent under 11 U.S.C. § 548(a)(1) or (2), the Bankruptcy Code.

The complaint was filed in the District Court on May 17, 1985. On July 12, 1985, the District Judge referred the case to the Bankruptcy Court under 28 U.S.C. § 157(a) in accordance with the District Court's Order of Reference dated July 11, 1984. (C.P. No. 1). However, the Order of the District Judge was not transmitted to nor brought to the attention of the Bankruptcy Court until January 22, 1986 (six months later).

On January 25, 1986, the Bankruptcy Court scheduled the matter to be tried on February 20 and directed the defendants to answer within 15 days.

On February 11, the two defendants made a special appearance to move for quashal of service of process and to dismiss the complaint. (C.P. No. 21). Those motions were heard by the Bankruptcy Court on February 14 upon an expedited basis at movants' special request.

On February 14, several hours after the conclusion of the hearing, the parties were advised that each motion had been denied and that a written order would be provided as rapidly as the court's circumstances would permit. This Order confirms the oral ruling of February 14.

■ The plaintiff claims to have effected service upon each defendant by delivering a copy of the District Court complaint and a copy of a Summons issued by the Clerk of the District Court on November 25, 1985. (C.P. No. 3). This Summons was issued after the District Judge referred this matter to the Bankruptcy Court (C.P. No. 1). That Order also provided:

"all proceedings in this case are stayed until further order of the Bankruptcy Court."

It is argued that the Summons of the District Court was a nullity and, therefore, its service was ineffectual.

I disagree. The intent and purpose of the District Judge's Order was to transfer the District Court case to this court for trial and determination. The District Judge did not intend that a new action be commenced in this court or that new process be issued from this court. Had he so intended, the District Court action would have been dismissed. It was appropriate that the District Court complaint be served with a District Court Summons issued by the Clerk of that Court.

The stay of further proceedings was intended to prevent the parties seeking further judicial action from the District Judge and to direct the parties for that purpose to the Bankruptcy Court.

There is no material difference in the process employed by the two courts nor is there any prejudice caused to the defendants by the use of the District Court summons.

■ Plaintiff's return of service upon each of the defendants was executed by a Colombian attorney and was acknowledged by a Vice-Consul of the United States. The return recites that service was made on December 26 upon a designated individual who was described as:

"Officer at the mail office of"

each of the defendant corporations.

The service is governed by Rule 4(i)(1)(C), Fed.R.Civ.P., which requires for service upon a corporation:

"delivery to an officer, a managing or general agent."

The defendants have submitted an affidavit executed by the individual who received service of process in each instance. That affidavit recites the legal conclusion that the individual is:

"not a managing or general agent, or an agent authorized by appointment or by law to receive service of process."

I find that the presumption which cloaks a return of service has not been overcome by the affidavit submitted by the defendants. *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir.1955); *C. Wright & A. Miller, Federal Practice and Procedure: Civil,* § 1130 n.

78 (1969). In this instance, the attempted service was effective in the sense that it came almost immediately to the attention of each defendant as is demonstrated by the fact that each defendant almost immediately arranged to be represented by well-qualified counsel who have appeared before this court. The essential purpose, therefore, of the service of process has been accomplished.

 Defendant has also argued that the service was ineffective because the defendants were "nationalized by the Government of Colombia" and, therefore, service was subject to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. It is conceded, however, that neither defendant was nationalized by Colombia until long after this action was commenced and after this service was effected. It is, I think, settled beyond serious question that the Act would have no applicability here for that reason.

The defendants, finally, have argued that they are not subject to an action in this United States District Court and that they must be sued, if at all, in Colombia. I disagree. The allegedly fraudulent transfers were made from the debtor's New York Bank in U.S. currency to the bank accounts of each defendant in a Miami bank. The entire transaction, therefore, occurred in this country and it was completed within this District. If either defendant resided within the District, there would be no question as to the appropriate situs of the litigation under 11 U.S.C. § 548. The fact that each defendant, though then maintaining a bank account in Miami employed for the purpose of receiving these transfers, was then and is now domiciled in Colombia does not divest this court of jurisdiction.

The grounds asserted in the defendants' motion to dismiss present no issue which has not been previously decided by this court in published opinions and for the reasons stated on the record at the hearing and no useful purpose would be served by repeating that discussion here.

Each motion on behalf of each defendant is denied.