**Sandra BINDER, et al., Plaintiffs,**

v.

**Jay Alan SEKULOW, et al.,
Defendants.**

Civ. A. No. 1:86–CV–2587–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 27, 1989.

Robert J. Kaufman, Gingold, Kaufman & Chaiken, Atlanta, Ga., Wyatt B. Durrette, Jr., Donald W. Lemons, William J. Irvin, McCarthy, Durrette & Davenport, Richmond, Va., for plaintiffs.

Herald J.A. Alexander, Thomas Ryan Mock, Jr., Henry Lane Young, II, Freeman & Hawkins, David Elliott Spalten, Lex Allen Watson, III, Merritt & Tenney, Atlanta, Ga., Wendy Woods Williamson, Oliver, Maner & Gray, Savannah, Ga., Skillman E. Siewert, F. Carter Tate, Abney, Tate & Mallernee, Kevin B. Getzendanner, Glenn Paul Hendrix, Jeffrey Michael Smith, Jean Ellen Simons, Arnall, Golden & Gregory, Kenneth Lee Millwood, Patricia E. Ratner, Smith, Gambrell & Russell, Atlanta, Ga., James Gkonos, Laventhol & Horwath, Philadelphia, Pa., J. Marbury Rainer, David N. Heaton, Parker, Hudson, Rainer & Dobbs, Phillip S. McKinney, Rogers & Hardin, Jeffrey O. Bramlett, Cathleen Mary Mahoney, Bondurant, Mixson & Elmore, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on motions to dismiss for failure to perfect ser-

---

vice by defendants Jay Alan Sekulow and Stuart Jonathan Roth. Fed.R.Civ.P. 4(j). For the reasons discussed below, defendants' motions will be GRANTED.

## I. STATEMENT OF THE CASE.

This securities action was originally filed November 28, 1986. The first amended complaint was filed December 30, 1986. On February 11, 1987, defendant Sekulow filed a notice of bankruptcy and suggestion of automatic stay. On February 19, 1987 this court issued an order staying this action as to Sekulow due to his bankruptcy. On June 9, 1987, defendant Roth filed a notice of filing of bankruptcy. On June 29, 1987, this court signed an order staying the case as to Roth. The plaintiffs filed adversary complaints against both defendants in their respective bankruptcy proceedings. On July 28, 1987 the bankruptcy court entered an order lifting the stay on Sekulow, and on September 30, 1987, the bankruptcy court entered a similar order as to Roth. On November 10, 1987, the plaintiffs moved for leave to amend their complaint to add a count to determine the dischargeability of the debts of Sekulow and Roth. On March 11, 1988, this court granted the motion to amend and the amended complaint was duly filed. A fourth amended complaint was filed August 17, 1988. There are no answers or other pleadings in the record by these two defendants.

## II. DISCUSSION.

The defendants moved to dismiss the action as to them because they have never been properly served under Fed.R.Civ.P. 4. The defendants have never been properly served in this action. They have been served and answered the complaint in the adversary bankruptcy proceedings. The plaintiffs seek to avoid dismissal for failure to perfect service of process with a novel argument based on the district court's authority to refer, and withdraw that referral, in bankruptcy cases. Because the bankruptcy court derives its authority from the district court, plaintiffs argue the orders lifting the automatic stay and this court's granting of leave to amend the complaint were, in effect, a transfer of the bankruptcy claims to this court, and because no new action was commenced, service in the bankruptcy court is sufficient. Plaintiffs rely on the case of *In Re Chase & Sanborn Corporation*, 58 B.R. 721 (Bankr.S.D.Fla.1986), in which service of a district court complaint after the district court had referred a case to the bankruptcy court was found to be sufficient.

A review of the bankruptcy court orders in both these defendants' cases does not support the contention that the bankruptcy court was transferring the bankruptcy actions to this court. Both orders plainly state that the automatic stay was modified so that the plaintiffs could pursue the claim of dischargeability together with liability. Judge Cotton's order in Sekulow's case lifted the stay "to proceed with the prosecution of Civil Action File No. C86–2587A against the Debtor, Jay Alan Sekulow, for the purpose of determining any liability of Jay Alan Sekulow to Movants on all claims which have been or may in the future be brought in said Civil Action." The court also modified the stay to "allow Movants to move the District Court in the Civil Action to permit Movants to amend their complaint so as to include a request for the determination of dischargeability to be determined in the District Court, *it being the intent of this Order for Movants to proceed with said Civil Action in such manner as to determine all issues of liability and dischargeability of debt in the District Court.*" *In Re Jay Alan Sekulow and Pamela M. Sekulow*, Case No. 87–917–SWC (Bankr.N.D.Ga. July 22, 1987) (emphasis added). Judge Kahn's order in Roth's case likewise modified the stay "to allow Plaintiffs to proceed with claims of nondischargeability assertable [sic] in Civil Action File No. C86–2587A" and "it being the intent of this Order for Plaintiffs to proceed with said Civil Action in such a manner as to determine all issues of dischargeability and liability of claims in the District Court Civil Action." *In Re Stuart Jonathan Roth*, Case No. 87–3390–ADK (Bankr.N.D.Ga. September 28, 1987).

It is clear from these orders that the bankruptcy court was not transferring dis-

chargeability claims, but rather lifting the stay so that all claims could be addressed in this civil action. Though the complaint has been amended to add a count to determine the dischargeability of these debts, the question of liability is presently before the court. The bankruptcy case has not been "transferred" to this court, and therefore any argument that service in the bankruptcy case is sufficient fails. Plaintiffs must demonstrate service under Rule 4.

Rule 4(j) directs that an action "shall be dismissed" if service is not made within 120 days and the plaintiff cannot show good cause why service was not made within this period. Once service of process is challenged, the burden of proof is on the plaintiff to establish its validity. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir.1985); *Aetna Business Credit v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir.1981). The plaintiffs have not shown any reason why the defendants were not served within 120 days of the filing of the original complaint or any of its amendments. The plaintiffs say that Roth and Sekulow never returned the acknowledgement form included when the complaint was served on them by mail originally. Once the defendant fails to return an acknowledgement form, the plaintiff is then locked into effectuating personal service. *Norlock*, 768 F.2d at 657; *FDIC v. Sims*, 100 F.R.D. 792, 794 (N.D.Ala.1984); Fed.R.Civ.P. 4(c)(2)(C)(ii). This failure to return the acknowledgement form may have given plaintiffs good cause if the service was actually made beyond the 120–day period, but no personal service has been attempted at any time. Sekulow's bankruptcy and resulting stay was within 120 days of the original complaint which may demonstrate good cause; but the plaintiffs never served this defendant even after the stay was lifted or after the complaint was amended in March 1988. The stay as to Roth was not in place until seven months after the original complaint. No reason or excuse is given by the plaintiffs for not serving these defendants. The fact that the defendants may have had actual notice of the action is not relevant when the plaintiffs have never served the complaint in compliance with Rule 4. Nor is plaintiffs' good faith belief that defendants are parties relevant when the plaintiffs never perfected service.

Both defendants' motions to dismiss are GRANTED. This case is DISMISSED without prejudice pursuant to Rule 4(j) as to defendants Jay Alan Sekulow and Stuart Jonathan Roth.

SO ORDERED.