Marilyn E. **KELLY**, Petitioner,

v.

State of **FLORIDA**, Department of Children and Families Dist. 11, Defendants.

No. 05–21012–CIV.

United States District Court, S.D. Florida.

Sept. 25, 2005.

Marilyn E. Kelly, Miami, FL, pro se.

Carol Ann Field, Attorney General Office, Department of Legal Affairs, Fort Lauderdale, FL, for defendants.

### ORDER GRANTING DEFENDANT'S MO-TION TO VACATE CLERK'S DE-FAULT, TO QUASH SERVICE AND TO DISMISS COMPLAINT

UNGARO–BENAGES, District Judge.

**THIS CAUSE** is before the Court upon Defendant Florida Department of Children and Families's ("DCF" or "Defendant") Motion to Vacate Clerk's Default, Quash Service and Dismiss Complaint ("Motion"), filed July 28, 2005, [DE # 18] to which Plaintiff Marilyn E. Kelly filed her responses on August 3, 2005. [DE # 19, 21, 22]

By way of background, on April 12, 2005 Plaintiff, a former DCF's employee, filed a 42 U.S.C. § 2000e complaint claiming that the DCF discriminated against her in violation of Title VII of the Civil Rights Act. *See*, Complaint, at 1. [DE # 1] On May 13, 2005 the Court dismissed some of the parties named as Defendants in the Complaint and ordered Plaintiff to effect service on the DCF "in conformance with Federal Rule of Civil Procedure 4."[1] Order of Dismissal and Order Requiring Response. [DE # 5] The record shows that on June 16, 2005, a return of service was filed with the Court's clerk stating that Summons and a copy of the Complaint had been served upon "Tangela Thorpe–McKinnon as legal employee of the [DCF]." Affidavit of Service. [DE # 10] Appearing that the DCF was willfully failing to timely answer or otherwise plead to Plaintiff's Complaint within the time required by law, the Court's clerk entered a default judgment against the DCF on July 21, 2005. [DE # 15]

On July 28, 2005, the DCF filed the instant Motion requesting that the Court vacate the default judgment and dismiss Plaintiff's Complaint on the following grounds: 1) the summons was issued to an improperly named party; 2) the Court lacks jurisdiction because the summons and the Complaint were improperly served; 3) the Complaint fails to state a claim upon which relief may be granted; 4) the Court lacks subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies; and, 5) the state tort claims should be dismissed upon Plaintiff's failure to satisfy the notice requirements under Fla. Sta. § 768.28. Motion, at 10.

**THE COURT** has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. The matter is ripe for disposition.

### Analysis

 Courts generally disfavor default judgments. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir.2002). The Rules of Civil Procedure provide that "[f]or good cause shown the court may set aside an entry of default and, if a

---

1. The Court ordered the dismissal of the following parties: First Baptist Church of Brownsville, Miami; Martai McCullough; Michale Mayfield; Angelo Parrino; Lucien Bledsoe; Charles Hood; Carlos Batist; Cindy Bruschi and Stacy Hipsman.

judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P 55(c). Rule 60 mandates that a court may relieve a party from a final judgment if the judgment is "void." Fed.R.Civ.P. 60(b)(4). "Where service of process is insufficient, the court has no power to render judgment and the judgment is void." *Valdez v. Feltman (In re Worldwide Web Systems, Inc.)*, 328 F.3d 1291, 1295 (11th Cir.2003). If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).[2] Defendant bears the burden of proving that the default judgment is void for lack of proper service of process under Fed.R.Civ.P. 60(b)(4). *Id.*

█ Pursuant to Fed.R.Civ.P. 4(e), service upon an individual or corporation may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." Florida law requires that "process against any public agency, board, commission, or department not a body corporate ... shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department." Fla. Stat. § 48.111(2) (2002). The statutory method of service is exclusive and must be strictly followed. *Dade Erection Service, Inc. v. Sims Crane Service, Inc.*, 379 So.2d 423, 425 (Fla.2d D.C.A.1980). It is plaintiff's burden to establish proper service of process when challenged. *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968 (11th Cir.1986).

█ This civil action for alleged violations of Title VII was commenced when Plaintiff filed her complaint. Plaintiff was then required to comply with Federal Rule of Civil Procedure 4. She did not do it because the record shows that Plaintiff served the Summons and the Complaint upon Thorpe–McKinnon. It is undisputed that Thorpe–McKinnon is neither a party to this case nor a DCF" executive officer.[3] Plaintiff commenced a civil action against the DCF and pursuant to Fla. Stat. § 48.111(2) Plaintiff was required to serve the Summons and the Complaint on the DCF's chief executive officer. In sum, the record conclusively shows that Plaintiff did not effect proper service upon Defendant. The Florida Supreme Court has ruled that failure to properly serve a state agency deprives the court of personal jurisdiction and requires a dismissal. *See, Fla. Dep't of Children & Families v. Sun-Sentinel, Inc.*, 865 So.2d 1278, 1286 (Fla. 2004) (dismissing action against the DCF for failure to comply with proper service pursuant to § 48.111(2)). Accordingly, because service of process fails under the laws of Florida and the Federal Rules of Civil Procedure, the undersigned must vacate the default judgment as void, find that the Court lacks personal jurisdiction over the Defendant and dismiss the instant action. The dismissal is without prejudice to Plaintiff's opportunity to refile her complaint and properly serve defendant pursuant to Fed. R.Civ.P. 4(e) and Fla. Stat. § 48.111(2). Therefore, it is

ORDERED AND ADJUDGED that the Court's default judgment against DCF in this matter is VACATED. It is also,

ORDERED AND ADJUDGED that DCF's request to Quash Service is GRANTED. It is further,

ORDERED AND ADJUDGES that DCF's request to Dismiss Complaint is GRANTED WITHOUT PREJUDICE.

---

**2.** In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

**3.** Plaintiff's Affidavit of Service describes Thorpe–McKinnon as "a legal employee of [DCF]." Affidavit of Service. [DE # 10] Defendant states that Thorpe–McKinnon is a paralegal in the Miami–Dade County DCF's legal office. *See,* Motion, at 5.