[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14799
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-01996-MHH

JAMES LEONARD HINES,

Plaintiff-Appellant,

versus

REGIONS BANK,
f.k.a. Union Planters Bank, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 29, 2019)

Before ED CARNES, Chief Judge, JILL PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

James Leonard Hines, proceeding pro se, appeals the district court's dismissal of his complaint against Regions Bank.  He contends that he was entitled to an entry of default judgment because he effected service of process and Regions failed to timely respond to his complaint.

I.

Hines filed a complaint against Regions in Alabama state court on September 14, 2016.  Hines alleged that after he had declared bankruptcy and defaulted on his mortgage, Regions violated the Real Estate Settlement Procedures Act (RESPA) by ignoring his correspondence when he attempted to cure the default.

On December 13, 2016 Regions removed the action to federal court.  A week later it filed a motion to dismiss.  In February 2017 Hines filed a motion for default judgment and response to Regions' motion to dismiss.  He alleged that after he served his complaint, Regions failed to answer within the time limit set forth under Rule 12 of the Alabama Rules of Civil Procedure.  Regions responded, attaching the state court summons and case action summary.  The summons was addressed to Regions' post office box and did not list any officer or individual. The case action summary showed that a summons and complaint were issued by certified mail, but it did not include any entry for return of service.

2

In February 2018 the district court issued a memorandum opinion denying Hines' motion for default judgment and granting in part and denying in part Regions' motion to dismiss. The court found that Hines' attempts at service of process did not comport with the Alabama Rules of Civil Procedure because his summons was directed only to Regions' P.O. box and not an officer or authorized agent. The court found that although Hines had also attempted to serve process through the law firm that represented Regions in the initial foreclosure action, the firm's representation of Regions in that action did not make it Regions' general agent for service of process. It also noted that neither attempt at service resulted in the return of a signed receipt as required by Rule 4(i)(2)(C) of the Alabama Rules of Civil Procedure. Accordingly the court denied Hines' motion for default judgment but allowed his RESPA claim to proceed.

In the following months Regions filed a motion to alter or amend the judgment and Hines filed a motion to set aside the memorandum opinion. In November 2018 the district court granted Regions' motion, which it construed as a motion for reconsideration. The court held that it had committed clear error in its earlier order by applying a version of RESPA that was not in effect at the time of the alleged violation. It dismissed all of Hines' claims because it found that they were barred under a relevant exemption contained in the applicable version of

RESPA.  Hines now appeals, contending that the district court erred in failing to grant his motion for default judgment.

## II.

"We review the denial of a motion for a default judgment for abuse of discretion."  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).  When service of process is challenged, the party on whose behalf it is made — here Mr. Hines — bears the burden of establishing its validity.  Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981).

An entry of default is appropriate when a party against whom affirmative relief is sought fails to plead or otherwise defend a case.  See Fed. R. Civ. P. 55(a), (b).  But a party's delay may result in a default judgment only if the party has been properly served because "a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

When evaluating the sufficiency of service of process that occurred before removal, we "look[] to the state law governing process."  Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (per curiam).  The Alabama Rules of Civil Procedure permit service upon a corporation "by serving an officer, a partner (other than a limited partner), a managing or

4

general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). If service is effectuated through certified mail the addressee must be a person described in Rule 4(c). Id. at 4(i)(2)(B)(i). Service through certified mail is not effective until "the date of delivery to the named addressee or the addressee's agent <u>as evidenced by signature on the return receipt</u>." Id. at 4(i)(2)(C) (emphasis added).

The district court did not abuse its discretion in determining that Hines' attempt at service of process did not comport with the Alabama Rules of Civil Procedure. Hines sent the summons to Regions' P.O. box and to the law firm representing Regions in the foreclosure action, and did not address it to any officer or agent of Regions as required by Rule 4(c)(6). Hines makes the conclusory assertion that the law firm representing Regions in the foreclosure action was its authorized agent. But Alabama law does not authorize service of process on a defendant's attorney "unless there is credible evidence of the appointment of the attorney as agent for purposes of service of process" or another relevant section of Rule 4 authorizes such service. <u>Kingvision Pay-Per-View, Ltd. v. Ayers</u>, 886 So. 2d 45, 52 (Ala. 2003). Hines has pointed to no evidence of such an appointment, much less credible evidence. And in any case, neither of Hines' attempts at service resulted in the return of a signed receipt as contemplated by Rule 4(i)(2)(C).

Hines argues that he was not required to follow the Alabama Rules of Civil Procedure as long as Regions received adequate notice that did not violate its due process rights, relying on United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). That reliance is misplaced. In Espinosa the Supreme Court held that a debtor's failure to adequately serve the creditor with a summons and complaint in accordance with the Bankruptcy Rules did not justify setting aside the bankruptcy court's judgment as void under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Id. at 272. The Court recognized that Espinosa's failure to serve the creditor deprived it "of a right granted by a procedural rule" and that the creditor "could have timely objected to this deprivation and appealed from an adverse ruling on its objection." Id. But the creditor, despite having actual notice, failed to make such a timely objection or appeal and instead sought to overturn the Bankruptcy Court's final judgment under Rule 60(b)(4). Id. at 264–68. Because a judgment must be "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final" to be declared void under Rule 60(b)(4), the Court held that the creditor was not entitled to relief because it had actual notice and failed to file a timely appeal. Id. at 270.

Hines is incorrect that under Espinosa he is entitled to default judgment so long as Regions had actual notice of his complaint and failed to make a timely answer. Rather Espinosa recognized that violating the Bankruptcy Rules' service

6

of process provisions deprived the creditor of a right that it could have vindicated on direct appeal instead of trying to take the extraordinary step of voiding a final judgment under Rule 60(b)(4).  See id. at 272.  Nothing in Espinosa excuses Hines from complying with the Alabama Rules of Civil Procedure.  And we have held that providing a defendant with actual notice does not excuse a party from following such rules.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("A defendant's actual notice is not sufficient to cure defectively executed service.").  So we cannot say that the district court abused its discretion in declining to grant Hines' motion for default judgment.

    **AFFIRMED.**