IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

YECHAN LEE, on behalf of ) 
himself and others ) 
similarly situated, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv1073-MHT 
 ) (WO) 
HWASHIN AMERICA ) 
CORPORATION and HYUN PARK, ) 
 ) 
 Defendants. ) 

 OPINION AND ORDER 
 Plaintiff Yechan Lee brought this lawsuit, on 
behalf of himself and others similarly situated, 
against defendants Hwashin America Corporation and Hyun 
Park, an officer at Hwashin America. The case is 
currently before the court on Park’s motion to dismiss 
for insufficient service of process. Although Lee has 
not met his burden in demonstrating proper service, the 
court will exercise its discretion to permit him 
additional time to perfect service. 
 Lee filed his complaint on December 23, 2019, 
naming Park as a defendant. On January 3, 2020, a 

summons and copy of the complaint arrived by certified 
mail at the Hwashin America facility in Greenville, 
Alabama--apparently in an effort to serve process on 
Park. See Memorandum of Law (doc. no. 9) at 1. The 

mail was received by Patricia Morgan, an employee at 
Hwashin America who submitted the return form but was 
not, Park asserts, “the proper person for service of 
process.” Id. at 2. On January 24, Park filed a 

motion to dismiss or, in the alternative, to quash, 
alleging that Lee’s service of process was 
“insufficient and therefore[] void.” Motion to Dismiss 

(doc. no. 8). The court set the motion for submission, 
but Lee did not submit a brief in response. 
 “When service of process is challenged, the party 
on whose behalf it is made must bear the burden of 

establishing its validity.” Aetna Bus. Credit, Inc. v. 
Universal Decor & Interior Design, Inc., 635 F.2d 434, 

 2 
435 (5th Cir. Jan. 1981).* Here, Lee has failed to meet 
this burden. 

 Federal Rule of Civil Procedure 4 sets forth 
methods by which a person may be served. In general, 
the rule authorizes service by “(A) delivering a copy 
of the summons and of the complaint to the individual 

personally; (B) leaving a copy of each at the 
individual’s dwelling or usual place of abode with 
someone of suitable age and discretion who resides 
there; or (C) delivering a copy of each to an agent 

authorized by appointment or by law to receive service 
of process.” Id. at 4(e)(2). The rule also authorizes 
service by any method permitted under state law. Id. 

at 4(e)(1). As relevant here, Alabama law allows 
service by ‘certified mail’ to an authorized agent in 
certain contexts. See Ala. R. Civ. P. 4(c)(1) 

 * In Bonner v. City of Prichard, 661 F.2d 1206, 
1209 (11th Cir. 1981) (en banc), the Eleventh Circuit 
Court of Appeals adopted as binding precedent all of 
the decisions of the former Fifth Circuit handed down 
prior to the close of business on September 30, 1981. 

 3 
(allowing delivery to “an agent authorized by 
appointment or by law to receive service of process”); 

id. at 4(i)(2)(C) (discussing process for service by 
certified mail). 
 Under both federal and state rules, however, 
service by certified mail is imperfect if a copy of the 

summons is left with an unauthorized individual at the 
individual’s place of employment. See Fed. R. Civ. P. 
4(e)(2) (setting forth the ways to serve an individual 
in the United States, including “delivering a copy of 

each to an agent authorized by appointment or by law to 
receive service of process” (emphasis added)); Ala. R. 
Civ. P. 4(i)(2)(C) (“Service by certified mail shall be 

deemed complete and the time for answering shall run 
from the date of delivery to the named addressee or the 
addressee’s agent as evidenced by signature on the 
return receipt.” (emphasis added)). To demonstrate 

completed service by certified mail, therefore, Lee 
must show that the recipient of the summons was, at 

 4 
minimum, an “agent” authorized to receive it. See id.; 
Aetna Bus. Credit, Inc., 635 F.2d at 435 (noting that 

the burden to demonstrate validity is on the serving 
party). Here, Lee did not satisfy this burden: Park 
has denied that Patricia Morgan, who received and 
signed for the certified mail, was authorized to do so, 

and Lee did not submit any response to Park’s motion. 
 Still, the court recognizes that Park made his 
motion only one month after the filing of the 
complaint. Had the court acted on this motion at the 

time it was filed, it would have denied the motion 
without prejudice as premature, as it was filed while 
Lee had time to perfect service. See Fed. R. Civ. P. 

4(m) (establishing the 90-day limit for service); cf. 
McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) 
(“Indeed, until that [service time limit] has expired, 
any attempt to seek dismissal on the grounds of 

defective service clearly would be premature.”). But 
Lee did not raise this argument at the time and, in the 

 5 
intervening months, the time limit for service has 
expired. 

 Federal Rule of Civil Procedure 4(m) establishes a 
90-day limit for service of process, after which the 
court must typically dismiss the action: “If a 
defendant is not served within 90 days after the 

complaint is filed, the court--on motion or on its own 
after notice to the plaintiff--must dismiss the action 
without prejudice against that defendant or order that 
service be made within a specified time. But if the 

plaintiff shows good cause for the failure, the court 
must extend the time for service for an appropriate 
period.” Fed. R. Civ. P. 4(m). Here, Lee has made no 

showing of good cause. But even without such a 
showing, an extension of time is permissible: “Absent a 
showing of good cause, the district court has the 
discretion to extend the time for service of process.” 

Lepone-Dempsey v. Carroll Cty. Comm’rs, 476 F.3d 1277, 
1282 (11th Cir. 2007). 

 6 
 Here, Park’s motion should have been denied as 
premature because it was filed while Lee could still 

have perfected service. The court will thus exercise 
its discretion to permit a limited extension of time 
for perfecting service or for otherwise establishing 
its validity. See generally Phifer v. Hyundai Power 

Transformers USA, 2020 WL 3441225, at *2 (M.D. Ala. 
June 23, 2020) (Thompson, J.) (exercising discretion to 
extend time for service in a similar context). 
 *** 

 Accordingly, it is ORDERED as follows: 
 (1) The motion to dismiss by defendant Hyun Park 
(doc. no. 8) is denied without prejudice and with leave 

to renew after 35 days. 
 (2) Plaintiff Yechan Lee has 28 days from the 
issuance of this order to serve defendant Park 
properly. 

 DONE, this the 14th day of July, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE