[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11614
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cv-00070-TES

JENEAN ELIZABETH WINSTON,
ROBERT E. HENDERSON,
Temporary Administrator of the Estate of Dylan Mark Walsh,

Plaintiffs-Appellants,

versus

MARK ANTHONY WALSH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 1, 2020)

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

This is a case about foreign service of process.  The appellants[1] assert that the district court erred in dismissing the case for insufficient service of process under the Federal Rules of Civil Procedure, the Hague Convention, and English law.  We disagree and affirm the district court's order.

## BACKGROUND

Jenean Winston and Mark Walsh (Walsh) are divorced.  Pursuant to a divorce settlement, Winston and Walsh agreed to joint custody of their child Dylan.  In August of 2015, Dylan tragically passed away while under the care of Walsh.  Walsh lost track of Dylan one evening while the two were at a lake in Macon, Georgia.  Divers found Dylan's body the next morning.  The District Attorney did not bring criminal charges against Walsh.

In August of 2017, Winston brought a claim against Walsh for negligence and wrongful death in Georgia state court.  In 2018, Winston dismissed this state suit and filed a renewal action in the United States District Court for the Middle District of Georgia.[2]  To bring a renewal action under Georgia law, the original action must have been valid.  *Lathan v. Hosp. Auth. of Charlton Cty.*, 805 S.E.2d 450, 454 (Ga. Ct. App. 2017).  Walsh claims that the original suit was void

---

[1] The appellants in this case are Jenean Winston, who is the mother of Dylan Walsh, and Robert Henderson, who is the Temporary Administrator for the Estate of Dylan Walsh.  For clarity purposes, this opinion uses Jenean Winston's name when referring to the appellants.

[2] Under Georgia law, a plaintiff can renew a timely-filed case even if he or she previously chose to dismiss the claim.  O.C.G.A § 9-2-61(a).

because of insufficient service of process, and that the federal courts, therefore, do not have jurisdiction.

Walsh is originally from the United Kingdom (U.K.).  After Dylan's death, he moved back to the U.K.  He also remarried.  When Winston brought the suit, she did not know where Walsh was living.  She hired a private investigator to try to locate Walsh but was unable to directly locate him.

When Winston attempted to serve Walsh under Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the Hague Convention), she listed his address as Terra Nova, New Road, Mockbeggar, Ringwood (Terra Nova).  Walsh did not live at Terra Nova, but his sister lived and worked there.  Walsh's wife used the Terra Nova address on business-related documents, noting it as her residence three times between 2017 and 2018.  Walsh's wife and sister operated that business together.  Additionally, Walsh shipped certain vehicles from the U.K. to the U.S. and used Terra Nova as the shipper's address.  Winston was aware that Walsh's sister owned the property at Terra Nova, but she still used this address when she submitted documents for service.

In response to the suit, Walsh filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), claiming that Winston did not to properly serve him.  The court granted Walsh's motion.

3

## STANDARD OF REVIEW

"We review [a] district court's grant of a motion to dismiss for insufficient service of process under [Federal Rule of Civil Procedure] 12(b)(5) by applying a de novo standard to the law and a clear error standard to any findings of fact." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003).

"When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).[3]

## DISCUSSION

## I.

Under the Due Process Clauses of the Fifth and Fourteenth Amendments, federal courts must have personal jurisdiction over defendants. *Ins. Corp of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982). As a part of this jurisdictional requirement, the plaintiff must notify the defendant of the suit— known as service of process or service of summons. *Prewitt*, 353 F.3d at 921.

Federal Rule of Civil Procedure 4(f) outlines how to serve summons when the defendant resides in a foreign country. In relevant part, Rule 4(f) states: "[A]n

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1).

The Hague Convention established rules for when "there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (citation omitted). These rules "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (citations omitted).

Article 1 of the Hague Convention states that the "Convention shall not apply when the address of the person to be served . . . is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361. Article 2 mandates that each contracting country "designate a Central Authority which [] undertake[s] to receive requests for service coming from other" countries to the agreement. *Id.* art. 2. Once a Central Authority receives a request, it should serve documents "by a method prescribed by [its] internal law[s]." *Volkswagenwerk*, 486 U.S. at 699. After the Central Authority serves the person named in the request, it must "complete a certificate . . . that the document has been served." Hague Service Convention art 6., 20 U.S.T. 361.

5

While we have not decided the issue, courts in other circuits have decided that a certificate by a Central Authority creates a prima facie case that service was adequate. *See Northrup King Co. v. Compania Productora Semillas Algoneras Selectas S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995); *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 334 (S.D.N.Y. 2008). Generally, those courts will not "look behind" the certificate unless the defendant shows lack of notice or prejudice. *Northrup*, 51 F.3d at 1390. We, however, require a "careful determin[ation] that service of process was in substantial compliance with the formal requirement of the Federal Rules." *Prewitt*, at 924 n.14 (explaining that mere notice of suit does not constitute substantial compliance); *see also Burgos v. Sand Canyon Corp.*, 813 Fed. App'x 363, 366 (11th Cir. 2020) (noting that a defendant was not properly served when process was mailed to the wrong address).

The Civil Procedure Rules of England and Wales dictate proper service in this case. Rule 6.3(1)(c) provides that summons may "be served by . . . leaving it at a place specified in rule 6.7, 6.8, 6.9, or 6.10." Civil Procedure Rules 1998, SI 1998/3132, Pt 6(1) rule 6.3 (Eng). Rule 6.9 addresses serving an individual who has not provided an address, stating that such individuals should be served at their "[u]sual or last known residence." *Id*. Pt 6(II) rule 6.9.

Two English cases are particularly instructive as to the meaning of Rule 6.9. In *Varsani v. Relfo Ltd. (In Liquidation)*, the English Court of Appeal, considered

6

"the defendant's pattern of life" when deciding what constituted his usual residence under Rule 6.9.  [2010] EWCA (Civ) 560 (Eng.).  This is a fact-driven, context-based test.  *Id*. (considering how often the defendant stayed at the property, that his immediate family lived at the property, and that he owned the property as persuasive in finding it was his usual residence under Rule 6.9).  *Collier v. Williams* addresses the meaning of "last known residence."  [2006] EWCA (Civ) 20 (Eng.).  There, the English Court of Appeal emphasized that a plaintiff's knowledge is important, and that it is not enough for a plaintiff to "assume" a location is a party's last known residence.[4]  *Id*.  That court did mention, however, that there are certain situations where a plaintiff can make a reasonable mistake as to a defendant's last known address.  In those situations, courts must consider any relevant surrounding facts and if the defendant purposely misled the plaintiff to the make this mistaken belief.  *Id*. ("If the claimant is mislead by the defendant as to his residence, then the court is likely to hold that the claimant had reasonable grounds for his belief.").

## II.

On appeal, Winston first argues that Walsh was properly served under the Hague Convention because Terra Nova was his "last known or usual address"

---

[4] Specifically, the court in *Collier* found insufficient service of process "for the simple reason that [the defendant] has never resided at" the address where service was attempted.  *Collier,* [2006] EWCA (civ) 20.

under Rule 6.9. Under the Hague Convention, the Civil Procedure Rules of England and Wales control the analysis as to where Walsh resided at the time Winston tried to serve him.

The district court reasonably found that Winston did not offer enough facts to show that Terra Nova was Walsh's usual or last known residence. Some facts indicate that Walsh spent time at Terra Nova—Walsh's sister lived there, his wife and sister's company operated from there, and he shipped cars there on occasion. However, none of these facts, the court found, demonstrated a pattern of residential use. Additionally, Walsh never lived at Terra Nova, nor did he mislead Winston to be believe that he lived there. So, under *Collier*, Winston did not make a reasonable mistake in serving Walsh at Terra Nova. Because the district court applied the correct law and made reasonable factual determinations that Terra Nova was not Walsh's usual or last known residence, we must affirm.

## III.

Winston then argues we should defer to the certificate by the Central Authority as prima facie evidence of service. We need not decide this issue for two reasons. First, under our precedent, there must be "substantial compliance," with the Federal Rules of Civil Procedure to find sufficient service. *Prewitt*, 353 F.3d at 925. There was not substantial compliance here, as Walsh never resided at Terra Nova. Second, the issue is not squarely before us—Walsh challenged

8

whether the Hague Convention applied to him at all, because Winston did not know his address. It is the plaintiff's—not the Central Authority's—responsibility to find the correct address of a defendant. The Central Authority merely serves a defendant with the address supplied in a request. Hague Service Convention, 20 U.S.T. 361. Thus, the certificate is not relevant to our primary inquiry.

## IV.

Additionally, Winston raised a new argument on appeal as to why service was proper under Rule 6.15 of the Civil Procedure Rules of England and Wales. She did not raise this issue until appeal, and thus we will not consider it. *Finnegan v. Comm'r*, 926 F.3d 1216, 1271 (11th Cir. 2019).

## CONCLUSION

Because the district court applied the correct law and made reasonable findings of fact in its decision, we affirm its ruling that plaintiffs did not properly serve Walsh in accordance with Federal Rule of Civil Procedure 4(f)(1), the Hauge Convention, and English law.

**AFFIRMED.**