[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10679

Non-Argument Calendar

_____

RANDY CURTIS GARVICH,

Plaintiff-Appellant,

*versus*

STATE OF GEORGIA,
CITY OF PEACHTREE CITY,
CHIEF JUDGE CLAY COLLINS,
FAYETTE COUNTY,
JUDGE JASON B, THOMPSON,
State Court of Fayette County,
PROSECUTOR JOSEPH MYERS,
CLERK OF COURT SHEILA STUDDARD,
DEPUTY SHERIFF KEVIN ZAJ,

2                    Opinion of the Court                    21-10679

DEPUTY SHERIFF THOMAS MINDAR,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:20-cv-00122-TCB

_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Randy Garvich, proceeding *pro se*, appeals the district court's dismissal of his complaint for insufficient service and lack of personal jurisdiction and denial of his construed motion for reconsideration.  He argues that: (1) state and local regulation of driver's licenses was preempted by federal law, which meant that the state's driver's license requirement impeded his right to travel; and (2) Peachtree City and Fayette County engaged in malicious prosecution, since there was no probable cause for his search and arrest. After thorough review, we affirm.

We review the district court's grant of a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) by applying a *de novo* standard to the law and a clear error standard to any findings of fact. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th

Cir. 2007).  We review the denial of a Rule 59(e) motion for abuse of discretion. *Lambert v. Fulton Cnty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001).

*Pro se* pleadings are held to a less stringent standard than attorney-drafted pleadings and are, therefore, liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we liberally construe *pro se* pleadings, we nevertheless require them to conform to procedural rules. *Albra*, 490 F.3d at 829.  Further, the leniency afforded *pro se* litigants with liberal construction does not give a court license to serve as *de facto* counsel or permit it to rewrite an otherwise deficient pleading to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Issues not raised in an initial brief are forfeited and, generally, deemed abandoned. *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022) (*en banc*).  An appellant forfeits a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," or (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  An appellant also forfeits a claim when it is raised for the first time in his reply brief. *Id.* at 683.  However, we have the discretion to review forfeited issues when these "extraordinary circumstances" arise: (1) the issue involves a pure

question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. *Campbell*, 26 F.4th at 873.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quotations omitted). When a defendant challenges service of process, the plaintiff bears the burden of establishing its validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).[1] "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra*, 490 F.3d at 829.

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1). Rule 4(j)(2) provides that a state, a municipal corporation, or any other state-created governmental organization subject to suit must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Rule 4(e) provides that service may be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by (1) delivering a copy of the summons and of the complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Except when service is waived, proof of service must be made to the court generally by the server's affidavit. Fed. R. Civ. P. 4(l)(1). If a defendant is not served within 90 days of the filing of the complaint, the district court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Rule 5 governs the service of certain papers, including "a pleading filed after the original complaint." Fed. R. Civ. P. 5(a)(1). It states that service of a paper under Rule 5 may be effected by, among other things, mailing it to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C).

Here, Garvich has appealed the district court's rulings dismissing his complaint without prejudice for insufficient service and lack of personal jurisdiction and denying his construed Rule 59(e) motion. However, Garvich does not argue about the bases of the

district court's rulings in his appellate brief; instead he uses his brief to restate the allegations in his complaint. Indeed, in the "statement of the issues" and "summary of the argument" sections of his initial brief, Garvich argues in only two sentences that service of process is governed by Rule 5 instead of Rule 4 and that the district court should have acknowledged that service of process was sufficient, without further argumentation or citation to authority. These conclusory references are insufficient to present a challenge on appeal that the district court erred in dismissing his complaint for insufficient service. *Sapuppo*, 739 F.3d at 681.[2] And to the extent he discusses the service issue in his reply brief, issues raised for the first time in a reply brief are also forfeited. *Id.* at 683. Nor, moreover, does Garvich argue on appeal that the district court erred in denying his construed motion for reconsideration under Rule 59(e). Thus, because he has failed to adequately present these issues on appeal, and because none of them satisfy the "extraordinary circumstances" standard that could overcome his forfeiture of the issues, we decline to consider them. *Campbell*, 26 F.4th at 871–72; *Sapuppo*, 739 F.3d at 681, 683.

---

[2] In any event, Garvich's brief statement that the district court erred because service is governed by Rule 5 instead of Rule 4 lacks merit. Rule 4 outlines the procedures for serving the complaint, whereas Rule 5 outlines the procedures for serving "a pleading filed *after* the original complaint" and other documents. *Compare* Fed. R. Civ. P. 4 *with* Fed. R. Civ. P. 5 (emphasis added).

Accordingly, we affirm.[3]

**AFFIRMED**.

---

[3] Garvich's motions for "summary judgment," which we construe as a motion for summary reversal, as well as his motions "for Declaratory Judgement," "Findings of Facts and Conclusion of Law," and "for Judgement on Plaintiff's Motions, Pleadings, and Findings" are DENIED.